Per Curiam.

As -to the • first point, there was formerly much contrariety in the cases on this subject; but it seems to be settled by repeated decisions, (2 Ld. Raym. 750 1 Salk.. 250; S. C. 1 Vent. 248; 2: Vent 332; 3 Burr. 1897; Doug. 486,) for near a- century, that the confession of lease, entry, and ouster, is sufficient to maintain an ejectment for a condition broken, and that an actual entry is not necessary to be shown in any case, except to avoid a fine. •
As to the second point, it does not appear thát any fraud or concealment was practised by the lessor of the plaintiff to entrap the defendant. The rule of caveat emptor, therefore, applies. It was incumbent on the defendant to examine the title. The consent of the lessor if proved, was ineffectual, unless he actually relinquished his right. No parol assent or silent acquiescence can destroy the' effect of an express condition' contained in a deed.(a) (Shep. Touch. 117.) *151 The condition, therefore, accompanied the lands in the hands of the defendant and subjected him to the forfeiture.
In some cases, particular acts may waive a forfeiture by affirming the continuance of an estate, after a condition broken ; but these are acts done by the grantor or lessor, after a forfeiture accrued, and for his benefit. No parol assent will amount to such a waiver.
Judgment for the plaintiff.

 Butin Chalker v. Chalker, 1 Conn. R. 79, where land was conveyed on *151 condition of paying a certain annuity, and after a failure to pay, the annuitant accepted the annuity, the forfeiture was held to be waived, and once waived, could not afterwards be claimed. See also 7 Conn. R. 45; Willard v. Henry, 2 N. H. R. 120; Coon v. Brickett, id. 163; and per Sutherland, J., 3 Cowen, 230.