FELBEROSE HOLDING CORPORATION, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

Second Department, May 6, 1935.

*Trabue Carswell* [*George D. Yeomans* with him on the brief], for the appellant.

*Frank R. Rubel* [*Nathan L. Goldstein* with him on the brief], for the respondent.

HAGARTY, J. The plaintiff is the owner of real property abutting on Jamaica avenue, in the borough of Queens, city of New York, on which avenue the defendant maintains and operates an elevated railroad. The action is to recover damages for loss of easement rights of air, light and access, occasioned by the structure on which the defendant operates its railroad. In the complaint it is alleged that such operation and maintenance have continued since the 3d day of July, 1918, while the defendant, in its answer, set forth that the structure was commenced on the 3d day of October, 1916, and was substantially completed on the 13th day of September, 1917.

Dismissal of the complaint is sought pursuant to rule 113 of the Rules of Civil Practice, on the ground that the action is barred by limitation, and sections 34 to 37, inclusive, of the Civil Practice Act are invoked. If these sections are applicable, the prescribed statutory period within which this action should have been commenced has expired, for the complaint was verified on the 29th day of June, 1934, and necessarily must have been served thereafter, a period concededly in excess of that fixed by the amendment to these sections by chapters 261 to 264 of the Laws of 1932, effective on the 1st day of September, 1932, whereby the limitation period was reduced from twenty to fifteen years. But these statutes relate to adverse possession of real property, whereas there is here in question prescription of easements or incorporeal rights. Due to the similarity in the test to be applied, namely, that of open, notorious, hostile and adverse use, adverse possession and prescription have become so closely related that the slender but real distinctions between the two have been overlooked. As was written (VANN, J.) in *Scallon* v. *Manhattan R. Co.* (185 N. Y. 359, 363): " Adverse possession and prescription are closely related. The one is regulated by statute and the other by common law, which has adopted twenty years as the prescriptive period from analogy to the Statute of Limitations. (Code Civ. Pro. §§ 369–371; *Lewis* v. *N. Y. & Harlem R. R. Co.*, 162 N. Y. 202, 223.) Adverse possession is the

open and hostile possession of land under claim of title to the exclusion of the true owner, which, if continued for twenty years, ripens into an actual title. (*Baker* v. *Oakwood*, 123 N. Y. 16.) Prescription rests upon the presumption of a grant of incorporeal rights that has become lost and after the lapse of twenty years the presumption ripens into a title also. It is measured by user and the adverse use must commence in the same way, continue for the same period and be of the same character as the adverse possession required to give title to real estate. (*Lewis Case, supra*, p. 224.) The close connection between the two methods of acquiring property makes it reasonable and natural to extend the analogy to the subject of disability. There is no reason for affording greater protection to incorporeal rights than to the land to which those rights are appurtenant." This was said in applying the limitation period as to adverse possession prescribed by statute with respect to suspension by reason of disability of an infant to the period required to effect prescription.

One other distinction also merits attention. Due to the inherent abstract nature of the rights acquired by prescription, any change or variance therein will disrupt the running of the period of limitation even though some portion of the easements affected was used adversely and continuously. Thus where the defendant railroad company made use of easements in various ways by differing operations and structures through the years, it was held, as per syllabus, in *A. B. N. Co.* v. *N. Y. E. R. R. Co.* (129 N. Y. 252, 253): " A right acquired by prescription can never exceed the user in which it had its origin; it is measured by the extent of that use, and that in turn by its purpose, and where essentially different purposes govern separate and successive users, it is as a general rule, impossible to deem the latter identical in any respect or degree with the former. Although a fraction of the right claimed appears to have been common to each user, where no one of them has been of itself and independent of the other for twenty years, and where the fraction was not capable of a separate user, having of itself a real and conceivable purpose, a grant cannot be presumed." Land, on the other hand, despite diversity of use, is capable of a physical measurement dependent upon continuity.

The twenty-year period has been the measure of limitation for so many years that it has acquired a fixed status, and although the Legislature has seen fit to reduce the period with respect to real property it has not done so with respect to incorporeal rights. In my opinion, in the absence of such inclusion and in the light of common understanding as to the limitation period, the time with respect to prescription may not be reduced simply by analogy. In

the final analysis, this would require a holding by inference and conjecture in derogation of existing rights accruing to the owner thereof, and analogy may not be strained to that extent.

In any event, in so far as prescription is concerned, the passage of twenty years merely creates a presumption that a deed was given and lost. Slight evidence only is necessary to rebut such presumption (*Hughes* v. *M. E. R. Co.*, 130 N. Y. 14; *Betjemann* v. *Brooklyn Union Elevated R. R. Co.*, 127 App. Div. 88), and we prefer to leave to the trial of the action the question of the presence of such evidence.

The appellant also relies upon the passage of time to spell out laches, but it would seem that this claim is also without merit. Plain legal rights accruing to the respondent are here involved, and these it will forfeit if the limitation period runs its course. To cut down this time further by the application of the doctrine of laches is a procedure which has not been sanctioned by the courts of this State. In *Galway* v. *M. E. R. Co.* (128 N. Y. 132, at p. 153) it was written (RUGER, Ch. J.): " Whatever may be the rule in other States, it can be said that here, no period of inaction merely has been held sufficient to justify a nuisance or trespass, unless it has continued for such a length of time as will authorize the presumption of a grant. The principle that so long as the legal right exists, the owner is entitled to maintain his action in equity to restrain violations of this right, has been uniformly applied in this court."

I am further of opinion that summary judgment may not be had in this type of litigation under rule 113 of the Rules of Civil Practice. That rule enumerates eight classes of actions to which it is applicable. Appellant concedes that the present action does not come within the province of any of these classes, but relies upon this portion of the amendment to the rule enacted in 1933, viz.: " Where an answer is served in *any* action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

Assuming that an official record is conclusive of the facts already conceded, I am of opinion that the word " any " contained in this paragraph is limited in its application to the classes of litigation set forth at the outset of the rule. By amendment in 1932 there were inserted two paragraphs which appear immediately before the

one herein quoted. These paragraphs refer specifically to certain of the classes enumerated at the outset. In view of this setting, it must be held that the word " any " is used to include all of the subdivisions rather than certain of them to which the two previous paragraphs are addressed. If it were intended to make the above-quoted provision applicable to all cases without limitation, then it should have been set forth as an independent rule and not as a part of rule 113.

The order should be affirmed, with ten dollars costs and disbursements.

CARSWELL, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Order denying defendant's motion to dismiss the complaint, pursuant to rule 113 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements.