ALBERT W. PROSS, Suing on His Own Behalf and on Behalf of All Other Stockholders of VIOLET PARK, INC., Who Are Similarly Situated, Plaintiff, *v.* FOUNDATION PROPERTIES, INC., and Others, Defendants.

Supreme Court, New York County, June 18, 1935.

*Albert W. Pross* [*Harry M. Smith* of counsel], for the plaintiff in person.

*Redding, Greeley & O'Shea* [*John R. Brook* of counsel], for the defendant Foundation Properties, Inc.

SHIENTAG, J.  The question presented on this motion for reargument is whether, under rule 113 of the Rules of Civil Practice, a defendant may move for summary judgment dismissing the complaint in an action not included in the eight enumerated classes of actions in which a plaintiff might so move, where the defense is founded upon facts established *prima facie* by documentary evidence or official record.  I held that he could.  My attention has been called to a recent decision of the Appellate

Division, Second Department, which unanimously stated, by way of dictum, that he could not; that a defendant's right to summary judgment, although based upon documentary evidence or official record, was limited to the eight enumerated classes of actions set forth in the rule. (*Felberose Holding Corp.* v. *New York Rapid Transit Corp.*, 244 App. Div. 427.)

The dictum of an Appellate Division of another department is entitled to great respect, but I regret that in this instance I am unable to see my way clear to follow it. The interpretation of rule 113 involved in the dictum referred to would seem to be the strained and narrow construction ordinarily placed upon a statute penal in character, rather than the broad and liberal construction which should be placed upon a rule of practice, remedial in its nature, and designed to improve and make more efficient the administration of justice.

The fair and reasonable intendment of the amended rule, as expressed in the language of the rule itself, would seem to be as follows:

1. A defendant may move for summary judgment in any of the eight enumerated classes, and in the same manner in which a plaintiff might so move.

2. A defendant may also move for summary judgment in any kind of an action, although not coming within any of the classes enumerated, where his defense is based *prima facie* on documentary evidence or official record.

I am convinced that an analysis of the language of rule 113 and of the amendments thereto, considered in the light of the objects sought to be accomplished thereby, will sustain the construction here advanced.

Without going into details, it will suffice to say that rule 113 became effective in this State October 1, 1921. As originally framed it was narrow in its scope. It was limited to actions " to recover a debt or liquidated demand arising, (1) on a contract express or implied, sealed or not sealed, or (2) on a judgment for a stated sum."

In 1932 the rule was amended and its scope was extended to include many addit onal types of action. The right to relief, however, was still limited to a plaintiff. Eight types of action, in which a motion for summary judgment might be maintained, were enumerated. An examination of the amended rule, as compared with the original, shows a certain amount of redundancy, evidently based upon a desire to retain, so far as possible, the original language which had already been the basis of judicial interpretation.

The fact that damages were not certain or liquidated was no longer a bar to relief. Further, the right to relief under the rule was extended to certain types of equity actions. After setting forth in eight subdivisions the types of action to which the rule was applicable, it went on to provide for the procedure to be adopted in actions coming under the various subdivisions — an assessment of damages in actions at law where the amount of the damage was not fixed or liquidated, or an interlocutory judgment in actions in equity. That was the state of the rule before the 1933 amendments were written into it.

Those amendments were designed primarily to extend the right to summary judgment to a defendant in an action. We are not here concerned with the amendment dealing with counterclaims. So far as defenses are concerned, the amendment of 1933 did two things. In the first place, it wrote into the paragraph dealing with the right of the plaintiff to summary judgment in the eight enumerated types of actions a provision giving a defendant a similar right on the basis of a defense. The paragraph was amended to read as follows: " The complaint may be dismissed or answer may be struck out and judgment entered in favor of either party on motion upon the affidavit of a party or of any other person having knowledge of the facts, setting forth such evidentiary facts as shall, if the motion is made on behalf of the plaintiff, establish the cause of action sufficiently to entitle plaintiff to judgment, and if the motion is made on behalf of the defendant, such evidentiary facts, including copies of all documents as shall fully disclose defendant's contentions and show that his denials or defenses are sufficient to defeat plaintiff, together with the belief of the moving party that there is no defense to the action or that the action has no merit, as the case may be, unless the other party, by affidavit or other proof, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to a trial of the issues."

In the second place, at the very end of the old rule, the following was added: " Where an answer is served in any action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

The Appellate Division of the Second Department holds that the word " any " contained in the paragraph just quoted is

limited in its application to the classes of litigation set forth in the eight subdivisions previously designated in the rule; that if the promulgators had intended to widen the scope of the rule beyond the classes of cases referred to in the eight subdivisions, " then it should have been set forth as an independent rule and not as part of rule 113." On the contrary, I submit that the true inference to be drawn is that, since the 1932 amendments specifically mentioned certain subdivisions of the rule, if it had been intended that the word " any " should refer to the eight previous subdivisions, the amended paragraph would have specifically referred to them.

There was no necessity for an independent rule; that would have been inadvisable. Indeed, it would have complicated matters. Of course, those who drafted the 1933 amendment could have expressed their intention more clearly; the added paragraph in question could have been marked subdivision 2, or could have contained a specific provision that it was not to be limited to actions included in the eight subdivisions. If that had been done, there could have been no possible dispute concerning the meaning of the amendment. The fact that the amendment was not set up as an independent rule should in no way lead to the construction placed upon it by the Appellate Division. The words " any action," used in a paragraph which was inserted as an independent amendment to the rule, may fairly and reasonably be construed to mean just what it says — any kind of action.

I am, however, troubled by the fact that in outlining the procedure to be adopted in connection with motions in actions coming within the eight subdivisions, the defendant, in addition to setting forth the evidentiary facts verifying his defense, is required to include copies of all documents. There is no such specific requirement in the case of a moving plaintiff, but it is a fact that under the authorities prior to and since the amendment, a plaintiff who moved for summary judgment was required to set forth copies of the documents on which he relied to verify his cause of action. There is nothing in the language of the rule that would fairly indicate that it was intended to limit the right of the defendant to move for summary judgment to cases where his defense was based on documentary evidence or official record. If that were so, then under the construction of the Appellate Division the separate paragraph dealing with a defendant's right to summary judgment on a defense established by documentary evidence would become meaningless; it has no added significance; it is simply repetition.

The desirability of the object sought to be accomplished may not be considered for the purpose of putting something into a remedial statute which is not there, or of writing something into the statute contrary to its express language.

The most that can be said, however, is that there is some ambiguity in the rule, and the question is how that ambiguity should be resolved. Here the desirability of the result does become important. What possible objection can there be to affording summary judgment to a defendant, in any kind of civil action, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, and where the plaintiff by affidavit or other proof failed to show facts sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record? The controversy is not one of the defendant's choosing; he is forced into the legal arena. Why should he be harassed and inconvenienced, and perhaps damaged in his business and credit if it clearly appears that the plaintiff can entertain no hope of success? True, the defendant will prevail at the trial, but he will have been subjected to considerable expense by way of attorneys' fees and preparation for trial, for which, under our present system, he will not be compensated by the costs imposed. What better way is there for doing away with the multiplicity of unfounded and worthless suits with which our calendars are clogged? What more effective method is there of discouraging so-called " strike suits," brought for the most part for their nuisance value? (See Judge Edward R. Finch, Summary Judgment Procedure, 19 American Bar Association Journal, 504, 508; Leonard S. Saxe, Summary Judgments in New York, 19 Cornell Law Quarterly, 237, 240.)

The motion for reargument is granted, but I adhere to the original determination. Settle order.