JENNIE M. TRACY and Others, Appellants, *v.* SADIE M. DANZINGER, as Executrix, etc., of SARAH E. ACKLEY, Deceased, Respondent.

Third Department, November 11, 1936.

*Frank W. Barnes,* for the appellants.

*Charles J. Fuess* [*Edwin C. Morsch* and *Edwin B. Goddin* of counsel], for the respondent.

HEFFERNAN, J. Plaintiffs have appealed from an order and judgment of the Supreme Court made on defendant's application, granting summary judgment dismissing their complaint, pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act.

The material allegations of the complaint are that plaintiffs are the sole distributees of Willard D. Ackley, deceased; that Sarah E. Ackley was the wife of Willard D. Ackley; that the husband and

wife entered into a contract wherein and whereby, for a valuable consideration, they made mutual wills whereby each willed to the other all his or her property with the understanding and subject to the agreement that the beneficiary should take such property as trustee and use the same or any part thereof which might be necessary for comfortable maintenance and support, and the balance remaining at death should be devised and bequeathed to the heirs at law, next of kin and distributees of the one who predeceased the other. It is further alleged that while such agreement was in effect the husband died, leaving a will, in which the widow was named as executrix, devising and bequeathing all his property to her and thereupon she took such property as trustee pursuant to the joint agreement. The complaint further alleges that at the time of the widow's death she had in her possession certain trust property and securities described in the complaint, which came to her by virtue of the provisions of her husband's will and which had not been used for her maintenance and support. Then follows an allegation that the widow held such property as trustee for the benefit of plaintiffs.

It appears that at the time of the husband's death he left surviving his widow and one sister, Louise Melvin, as his sole distributees. Subsequently Louise Melvin died leaving her surviving her children, the plaintiffs in this action. On February 2, 1935, the widow died while her husband's estate was being administered. The widow left a will naming defendant herein as executrix which was duly probated. The widow's will did not bequeath the property in question to the plaintiffs who would have been the distributees of the husband. Defendant was appointed administratrix with the will annexed of the husband's estate. She rendered her account as such and these plaintiffs waived the issuance and service of a citation upon them in such proceeding. The decree of the Surrogate's Court directed that the assets remaining in the estate of Willard D. Ackley be set over and transferred by defendant as administratrix c. t. a. to herself as executrix under the last will and testament of Sarah E. Ackley, deceased.

The complaint alleges that the securities belonging to the husband's estate were sold by defendant and that she has failed and refused to account to the plaintiffs therefor. The prayer for relief is that the defendant, as executrix of the last will and testament of Sarah E. Ackley, be adjudged to hold the property belonging to the estate of Willard D. Ackley, as trustee for the benefit of the plaintiffs, and that she be directed to account to the plaintiffs for such trust property.

The only defense in the answer which need be considered is one which alleges that the decree settling the account of the defendant, as administratrix of the will annexed of Willard D. Ackley, is *res adjudicata* of the issues in this action.

The learned justice at Special Term held that this defense was sufficient in law and that consequently defendant was entitled to judgment dismissing the complaint.

It should be borne in mind that this is an action to impress a trust upon assets of the husband's estate which the wife received under a trust agreement. By virtue of her agreement with her husband the wife had a legal obligation to the plaintiffs and her estate is likewise bound by that obligation. (*Seaver* v. *Ransom*, 224 N. Y. 233.) Whether or not such an agreement was made presents a substantial issue for trial.

Defendant in her representative capacity could acquire no title to the property in the estate of Willard D. Ackley. The widow of Ackley never had the equitable title to such property, but held the same merely as trustee and it never formed any part of her estate. The affairs of the widow as trustee were not subject to the supervision of the Surrogate's Court. The Supreme Court alone had jurisdiction in the premises. After the widow's death her successor as trustee could only be appointed by the Supreme Court. During the life of the trustee that tribunal alone exercised control and at her death the trust vested solely in it. (*Matter of Lyon*, 266 N. Y. 219.) The issues in this action could not be litigated in the Surrogate's Court. For that reason defendant was not entitled to summary judgment.

This action being in equity, defendant was not entitled to summary judgment under rule 113 of the Rules of Civil Practice. As said by Mr. Justice HAGARTY, writing for the court in *Felberose Holding Corp.* v. *New York Rapid Transit Corp.* (244 App. Div. 427):

" That rule enumerates eight classes of actions to which it is applicable. Appellant concedes that the present action does not come within the province of any of these classes, but relies upon this portion of the amendment to the rule enacted in 1933, viz.: ' Where an answer is served in *any* action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record.'

" Assuming that an official record is conclusive of the facts already conceded, I am of opinion that the word ' any ' contained in this paragraph is limited in its application to the classes of litigation set forth at the outset of the rule. By amendment in 1932 there were inserted two paragraphs which appear immediately before the one herein quoted. These paragraphs refer specifically to certain of the classes enumerated at the outset. In view of this setting, it must be held that the word ' any ' is used to include all of the subdivisions rather than certain of them to which the two previous paragraphs are addressed. If it were intended to make the above-quoted provision applicable to all cases without limitation, then it should have been set forth as an independent rule and not as a part of rule 113."

The order and judgment appealed from should be reversed on the law, with costs, and the motion for summary judgment denied, with ten dollars costs.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Order and judgment reversed on the law, with costs, and motion for summary judgment denied, with ten dollars costs.