THE BAY APARTMENTS, INC., Appellant, v. LOUIS LENTO, Respondent.— In an action to recover commissions paid to an unlicensed broker, under the provisions of section 442-e of the Real Property Law, the contract between the vendor and the purchaser contained a paragraph as follows: " The seller represents and the purchaser agrees that no broker brought about this sale." Nevertheless, it appeared that plaintiff did pay to the defendant a commission of $4,000. On motion by defendant to dismiss at the close of the plaintiff's case, the court dismissed the complaint on the ground that any evidence adduced by the plaintiff in support of the allegations in its complaint would tend to controvert and contradict the terms of a written instrument and its admission would violate the parol evidence rule. There was no determination on the merits. The learned court was in error in applying the so-called parol evidence rule to the facts in this case. (Folinsbee v. Sawyer, 157 N. Y. 196; Traders' Nat. Bank v. Laskin, 238 id. 535, 541, 542; Robert v. U. S. S. B. Emergency Fleet Corp., 240 id. 474, 478.) On this appeal we must take the view of the evidence most favorable to the plaintiff and hold that the plaintiff made a prima facie case. This sufficiently appears even though the exhibits were not printed in the case, and there was no stipulation by the parties or order of the court dispensing with printing and permitting the original exhibits to be used on the appeal. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Appeal from order denying new trial dismissed. No order is printed in the record. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

BETHLEHEM KNITTING MILLS, INC., Appellant, v. S. KARPEN & BROS., Respondent.— Action brought by a tenant to recover damages for breach of a lease, which breach was alleged to have been caused by reason of the negligent act of the defendant-landlord's employee in turning off the water in the sprinkler system at a time when a fire was in progress in the demised premises. The answer, after certain admissions and denials of allegations of the complaint, sets forth, as a first defense, certain clauses of the lease which defendant, in connection with other facts pleaded in the defense, claimed to be efficient to grant immunity to the defendant from liability to plaintiff for the alleged damages. The defendant moved at Special Term for summary judgment pursuant to subdivision 8 of rule 113 of the Rules of Civil Practice. The motion was granted. From the order entered thereon and from the judgment in favor of the defendant dismissing the complaint on the merits, the plaintiff appeals. Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on authority of Felberose Holding Corp. v. N. Y. Rapid Transit Corp. (244 App. Div. 427). Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.