GEORGE MUCCINO, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24806.)

Court of Claims, October 7, 1937.

*Paul D. Siegel,* for the claimant.

*John J. Bennett, Jr., Attorney-General [Gerald J. Carey, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. This claimant has sued the State, alleging that in the elimination of a railroad grade crossing barriers were erected in front of premises of which he was tenant and that he was deprived of egress and ingress thereto and was constructively evicted therefrom. The Attorney-General has moved for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The remedy sought is not available to the defense. The cause of action is not one of those enumerated in rule 113. (*Felberose Holding Corp.* v. *New York Rapid Transit Corp.,* 244 App. Div. 427 [1935]; *Tracy* v. *Danzinger,* 249 id. 46 [1936].) We are aware of the Special Term decision in New York county wherein is suggested a broader interpretation of the words " in any action " appearing in the rule. (*Pross* v. *Foundation Properties, Inc.,* 158 Misc. 304 [1935].)

Moreover, it appears that rule 113 cannot be invoked in the practice in the Court of Claims. The preamble to the rule is: " When an answer is served in an action." By rule 2 of the rules of this court the State is not required to answer, and all allegations in the

claim are treated as denied. Hence, no answer has been served here.

The motion must be denied.

BARRETT, P. J. I agree with the conclusion reached by Judge RYAN that the motion to dismiss the claim herein must be denied, upon the ground that the remedy sought under rule 113 of the Rules of Civil Practice is not available to the State as the cause of action is not one of those enumerated in the rule.