Vanton Corporation, Appellant, Respondent, v. New York Rapid Transit Corporation, Respondent, Appellant.— Plaintiff moved to strike out the five defenses contained in defendant's answer. The Special Term struck out the second, third and fourth defenses but denied the motion to strike out the first and fifth defenses. Plaintiff appeals from so much of the order as denies its motion to strike out defenses numbered first and fifth. Defendant appeals from so much thereof as strikes out defenses numbered second, third and fourth. Order modified

so as to provide that the first and fifth defenses also be struck out, and as so modified affirmed, with ten dollars costs and disbursements to plaintiff. The owner of land abutting on the street has an easement in the highway for light, air and access, and such easement constitutes property which cannot be taken from its owner without just compensation. (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122; *Lahr* v. *Metropolitan Elevated R. Co.*, 104 id. 268; *Muhlker* v. *Harlem Railroad Co.*, 197 U. S. 544.) The consent of plaintiff's prior grantors was a conditional consent which reserved the right to compensation — we so held on the prior appeal — and, therefore, it did not and could not, as defendant alleges, operate to subordinate plaintiff's easement to defendant's right to construct, maintain and operate the elevated railroad. Therefore, the first defense is insufficient in law. By the fifth defense the defendant pleads laches and acquiescence on the part of plaintiff and its predecessors in title. This defense also is insufficient in law. (*Felberose Holding Corp.* v. *N. Y. Rapid Transit Corp.*, 244 App. Div. 427.) Hagarty, Johnston and Close, JJ., concur; Carswell and Adel, JJ., concur in the dismissal of the second, third, fourth and fifth defenses, but dissent as to the dismissal of the first defense, being of opinion that the matters contained therein should await the trial.