ELLEN LEDERER et al., as Trustees, Appellants, *v.* WISE SHOE COMPANY, INC., et al., Respondents.

Argued December 7, 1937; decided January 11, 1938.

460

*Harold R. Medina, William F. McNulty* and *Arthur
M. Loeb* for appellants. The Special Term lacked juris-
diction to entertain the defendants' motion for summary
judgment. (*Felberose Holding Corp.* v. *New York Rapid
Transit Corp.*, 244 App. Div. 427; *Tracy* v. *Danzinger*,
249 App. Div. 46; *Bethlehem Knitting Mills, Inc.*, v.
*Karpen & Bros.*, 249 App. Div. 855; *People* v. *Long
Island R. R. Co.*, 194 N. Y. 130; *People ex rel. Mason* v.
*McClave*, 99 N. Y. 83.) The order entered in the United
States District Court was not *res adjudicata.* (*Cumber-
land Glass Co.* v. *DeWitt*, 237 U. S. 447; *Matter of Hollins*,
229 Fed. Rep. 349.) The defendants' contention that
there was an accord and satisfaction of the claim presently
sought to be enforced presents an issue of fact to be deter-
mined at the trial and not on a motion for summary
judgment. (*Rector* v. *Hartford Deposit Co.*, 190 Ill.
380; *Kelly* v. *Lehman*, 297 Ill. 33; *Estate-Washington
Stores Co.* v. *Walgreen*, 272 Ill. App. 383; *McIlvaine* v.
*Foreman*, 292 Ill. 224; *Schuttinger* v. *Woodruff*, 259 N. Y.
212; *Post* v. *Thomas*, 212 N. Y. 264; *Mance* v. *Hossington*,
205 N. Y. 33; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326;
*Schnell* v. *Perlmon*, 238 N. Y. 362; *Hills* v. *Sommer*, 53
Hun, 392; *Post* v. *Thomas*, 212 N. Y. 264; *Fire Ins. Assn.*
v. *Wickham*, 141 U. S. 564; *Hudson* v. *Yonkers Fruit Co.*,
258 N. Y. 168; *Equitable Holding Corp.* v. *Woody*, 63
Fed. Rep. [2d] 751.)

*Samuel Seabury, David W. Kahn* and *Nathan Fried-
man* for respondents. Upon the undisputed facts there
was an accord and satisfaction. (*Jackson* v. *Volkening*,
81 App. Div. 36; 178 N. Y. 562; *Post* v. *Thomas*, 212
N. Y. 264; *Le Page* v. *Lalance & Grosjean Mfg. Co.*, 98
App. Div. 179; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326;
*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78; *Fuller* v.
*Kemp*, 138 N. Y. 231; *Gould* v. *Cayuga County Nat.
Bank*, 86 N. Y. 75; *McNaught* v. *Equitable Life Assur.
Society*, 136 App. Div. 774; *Urtz* v. *N. Y. C. & H. R. R.
R. Co.*, 137 App. Div. 404; *Allison* v. *Abendroth*, 108 N. Y.

470; *Shaw* v. *D., L. & W. R. R. Co.*, 126 App. Div. 210; *Schuttinger* v. *Woodruff*, 259 N. Y. 212; *Matter of Byrne* v. *Padden*, 248 N. Y. 243; *Hotaling* v. *Canton Art Metal Co.*, 95 Misc. Rep. 525.) The admitted facts establish the defense of *res adjudicata* and preclude plaintiff from questioning, in this action, the propriety of the transfer of the remaining assets of the bankrupt. (*Ætna Casulty & Surety Co.* v. *Tramley, Inc.*, 260 N. Y. 280.) Where the facts alleged as a defense are established by documentary evidence or official record, and such facts constitute a valid defense in law, the defendant is entitled to a summary dismissal of the complaint. (*Pross* v. *Foundation Properties, Inc.*, 158 Misc. Rep. 304; *Mantell* v. *Borenstein*, 246 App. Div. 602.)

LEHMAN, J. The plaintiff challenges the *bona fides* of the transfer of the assets of the defendant Wise Shoes, Inc., to the defendant Wise Shoe Company, Inc., and has brought an action to set aside the transfer. The defendants pleaded in their answer a general denial and affirmative defenses including a defense of accord and satisfaction and a defense that the transfer " of the assets of the defendant, Wise Shoes, Inc., to the defendant, Wise Shoe Company, Inc., which is the subject matter of the complaint herein, was made as an integral part of the composition offered in the aforementioned bankruptcy proceeding and was made under and pursuant to the express provisions of the decree of the said United States District Court for the Southern District of New York of July 7, 1932," and that under and pursuant to the decree of the bankruptcy court the plaintiff can assert no claim against the assets so transferred. Then the defendants moved for summary judgment dismissing the complaint in accordance with the provisions of rule 113 of the Rules of Civil Practice.

Upon that motion the defendant annexed to the affidavits submitted to the court documentary evidence and copies of official records intended to establish the defenses

pleaded. To analyze the evidence and to consider in detail the challenge of the plaintiffs to its sufficiency would require a lengthy opinion which would serve little purpose in establishing or clarifying any rules of law of general application. We have examined all the contentions of the appellants and we have concluded that the courts below have correctly decided that documentary evidence and official records of the bankruptcy court conclusively establish the defenses pleaded and that there is no issue with respect to the verity and conclusiveness of such documentary evidence and official records. The question remains, however, whether, in an action in equity to set aside a transfer on the ground of fraud, a defendant is entitled to summary judgment without a trial in open court in any case — even where a defense can be conclusively established by documentary evidence or official records.

Under common law practice the truth of allegations contained in a complaint, or of denials contained in an answer, could be determined only after a trial. The denials might be sham, the allegations of the complaint might be pleaded recklessly or with knowledge of their falsity, none the less, if they conformed to the technical requirements of common law or equity pleading the truth could be established only by evidence produced and weighed at a trial. Formalism resting upon ancient tradition was the sole recognized test of the sufficiency of a complaint or answer and, also, of the sufficiency of the evidence required to sustain or defeat a cause of action alleged in a pleading which could withstand the formal test.

In the Civil Practice Act and the Rules of Civil Practice we are attempting to simplify our practice and to eliminate technicalities and formalism which serve no useful purpose. In 1921 rule 113 introduced into the practice of this State summary judgment granted " on motion, and the affidavit " of a party, an innovation

which had been found to work successfully in England. The English Practice Act authorized such motions within a broad field; in this State the experiment was at first confined to a very narrow field. The rule as originally adopted provided that in an action to recover a debt or liquidated demand, arising on a contract or in an action to recover a debt or liquidated demand, arising on a judgment for a stated sum, " the *answer* may be struck out and judgment entered thereon on motion * * *." The new remedy was not available to a defendant and was available to a plaintiff only in the two classes of action specified. In 1932 the rule was amended. Under the terms of the amended rule summary judgments in favor of a plaintiff might be granted on motion in six additional classes of actions, including some actions where damages are not liquidated and some actions for equitable relief. An action in equity to set aside a transfer of property is, however, not included in these additional classes of actions.

In 1933 the rule was again amended to make the remedy available also to a defendant. The question in this case is whether the rule as then amended makes the remedy available to a defendant not only in the actions specified in the rule, but in *any* action.

Upon that question there has been diversity of opinion in the Appellate Division of this State. Undoubtedly the right of a plaintiff to move upon affidavits for summary judgment, striking out an answer, is confined to the actions specified in the eight enumerated subdivisions of the rule, and the correlative right granted to a defendant, to move upon *affidavits* for judgment dismissing a complaint, is similarly limited. That correlative right is conferred by amendment to the paragraphs of the rule which provided and defined the right of the plaintiff, but the rule as amended contains an additional paragraph which, in terms, seems to confer upon a defendant an additional right to move for summary judgment *in any action*. It is that paragraph which we must construe.

That paragraph provides: " Where an answer is served in any action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

In *Felberose Holding Corp.* v. *New York Rapid Transit Corp.* (244 App. Div. 427), second department, the court held that the rule in all its parts was intended to apply only to the classes of actions specified in its opening subdivisions and paragraph, and that this limitation must be read into the new paragraph. (Cf. *Tracy* v. *Danzinger*, 249 App. Div. 46, third department.) In the first department it has been held that the additional paragraph has a broader scope. In *Pross* v. *Foundation Properties, Inc.* (158 Misc. Rep. 304), Mr. Justice SHIENTAG exhaustively considered the question and so decided. We agree with that construction.

The new paragraph authorizes a summary judgment only where the motion is made by a defendant; where the " defense * * * is sufficient as a matter of law;" where it is ' founded upon facts established *prima facie* by *documentary evidence or official record;*" and where the plaintiff fails to show " facts * * * sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record." Where proof is dependent upon *affidavits* made by persons not subject to cross-examination, sound reason may be found for limiting summary judgment to classes of action deemed appropriate. It is difficult to find any reason for imposing such a limitation where a legal defense is established by *documentary evidence or official record* and there is no issue about the verity or conclusiveness of the proof.

The new paragraph was intended, it is clear, to confer upon a defendant some right to summary judgment not conferred by the paragraphs which go before. A limitation, either express or implied, of the scope of that paragraph to the classes of action in which summary judgment might be granted under the earlier paragraph would render the additional paragraph meaningless. We do not by implication read into a clause of a rule or statute a limitation for which we find no sound reason and which would render the clause futile.

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.