THE CITY OF NEW YORK, Plaintiff, *v.* CONEY ISLAND FIRE DEPARTMENT, Defendant.

Supreme Court, Trial Term, Kings County, January 26, 1939.

*William C. Chanler, Corporation Counsel [Matthew B. Price* of counsel], for the plaintiff.

*C. Elmer Spedick,* for the defendant.

LEWIS, J. This is an action for ejectment. The case was tried by the court without a jury.

On January 25, 1892, the defendant was incorporated as a volunteer fire department for " the prevention and extinguishment of fires and business incidental thereto." Thereafter, on April 5, 1893, the town of Gravesend in the county of Kings, acting for its trustees with the consent and approval of the supervisor of the said town, for a nominal sum, conveyed certain premises located within the township to the defendant. The grant in question was expressly conditioned upon the contingency " that the premises hereby conveyed shall be used for *fire purpose and for no other purpose whatever.*"

On May 3, 1894, the town of Gravesend was annexed to the city of Brooklyn. The latter city, on or about December 9, 1895, installed its own paid fire department. The plaintiff thereafter, upon consolidation, became the successor of all the rights and powers formerly vested in the town of Gravesend and in the city of Brooklyn.

In March, 1936, this action was instituted upon the theory that there had been a breach of the above-described condition.

When the defendant was organized it comprised some three hundred and fifty members. Thirty-nine survive. When the town of Gravesend deeded the site in question to the defendant, the latter erected a building at its own expense and occupied it under the name " The Atlantic Hose Company No. 1," using it as an engine house for the purpose of fire protection. The lower portion of the

building housed the fire apparatus and the upper story became a meeting room for the members. Defendant continued as a unit and in the performance of its duties until December 9, 1895, at which time the paid department of the city of Brooklyn succeeded to the obligation of affording fire protection, and the defendant ceased functioning as a fire department. For two or three years following the latter date the members continued to hold meetings upon the premises and then defendant went to a place known as the West Eighth street house, and the members permitted one of their number to use the lower floor of the premises in question for the storing of hay.

In 1923 the plaintiff took title to a portion of the land here involved in a street widening proceeding. At that time the defendant gave the building to " some neighbor " and told her to move it off, which was done. Since that time the portion of the land remaining in the ownership of the defendant after the street widening has remained vacant.

The language in the grant of 1893 obviously indicated an intention on the part of the town of Gravesend to create an estate in fee in the defendant, subject, however, to the bare possibility of reverter in the event of a breach of the condition subsequent annexed to the grant. The plaintiff, as the political successor of the grantor, unless precluded by other considerations, is entitled by entry to revest itself of the estate thus created upon a breach of the specific condition. ( *Upington* v. *Corrigan*, 151 N. Y. 143.)

Plaintiff asserts its right to revestiture by means of this action. The facts conclusively establish that the defendant has failed to devote the premises to the purpose contemplated by the deed of conveyance, and that the omission to do so has continuously existed since 1897 or 1898. The omission by the defendant to occupy the land in compliance with the condition constituted a breach which, throughout the many years that have followed, clothed the grantor's successor with an immediate right to enter upon the land and to divest the grantee of its title.

The defendant contends that under the principles of the doctrine of *res adjudicata* the plaintiff is precluded from the maintenance of the present action upon the following facts. On February 13, 1923, the city of New York acquired part of the premises herein involved for the widening of Sheepshead Bay road. On March 28, 1925, a decree was entered in said proceeding awarding to an " Unknown Owner " the sum of $8,363.28, with interest. Thereafter, on November 22, 1926, the defendant as petitioner applied to the court for the payment of the award upon the ground that it was the owner of the land for which the award to the unknown

owner had been made. The referee to whom the matter was submitted decided that the petitioner (the defendant herein) was entitled to the award and based his conclusion upon the fact that " It does not appear that the City of Brooklyn or the City of New York ever re-entered the premises or commenced ejectment proceedings against the petitioner. This was necessary to defeat the estate of the petitioner." That report was confirmed and thereafter sustained by the Appellate Division (222 App. Div. 678). The doctrine invoked is, therefore, inapplicable. " Until * * * a revesting of the estate through re-entry the whole title was in the grantee." ( *Upington* v. *Corrigan, supra,* p. 149.)

At common law a breach of a condition subsequent and re-entry sufficed to sustain an action in ejectment. It could not be effected merely by the institution of an action to recover the possession. This, however, has been changed so that at present an ordinary action of ejectment has the same effect as a technical entry at common law. (*Jackson ex dem. Bronck* v. *Crysler,* 1 Johns. Cas. 125; 3 Kerr on Real Property, p. 1861; *Plumb* v. *Tubbs,* 41 N. Y. 442; *Trustees of Union College* v. *City of New York,* 173 id. 38.) An action of ejectment " is but a mode of enforcing the right of re-entry." (*Tyler* v. *Heidorn,* 46 Barb. 439, 454.) In the above condemnation proceeding it was found as a fact that the city of New York had not theretofore re-entered upon the land. At that time (and until it manifested by bringing an action its intention to terminate defendant's estate) the city had a mere possibility of reverter. But upon breach of the condition *and the bringing of this action* it was revested with title. ( *Upington* v. *Corrigan, supra.*) Since the city of New York had not asserted its right of re-entry upon the land previous to the institution of the proceeding in eminent domain, title to the land in question remained in the defendant and it was, therefore, entitled to be compensated as would any other fee holder who was deprived of his title by such action of the sovereignty. In other words, the situation is that although in the period between 1897 and the time when the condemnation proceedings were instituted the plaintiff city or its predecessor had a right to re-enter for defendant's breach, it had not availed itself of such right either by entry or the institution of an action. Subsequent to the above proceeding and by way of the instant action for ejectnent plaintiff has affirmatively elected to divest the defendant and revest itself with title. There is now present a factor, absent in the prior proceeding, which wholly alters the legal relations between the parties. The estoppel of the decree entered in the prior proceeding extends only to the facts existent at the time of its entry. It does not preclude the court from a consideration of plaintiff's right

to relief where the right itself is predicated upon a specific event which has subsequently occurred. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Kirk* v. *McCann*, 117 App. Div. 56; *Staples* v. *Mead*, 152 id. 745.)

The defendant asserts that the action is barred by the twenty- and fifteen-year periods found in sections 34 and 36 of the Civil Practice Act. These statutes, however, relate to adverse possession of real property. (*Felberose Holding Corp.* v. *N. Y. Rapid Transit Corp.*, 244 App. Div. 427.) The claim of adverse possession made by the defendant is not supported by the facts. Concededly defendant's possession was not hostile in its inception. It did not become so by a subsequent claim of right adverse to the title of the owner. On the contrary, it derived all its rights by deed from the former owner (the town of Gravesend).

Defendant urges that by taking a portion of the premises conveyed by the deed, the award of compensation therefor, the levying of a benefit assessment on the balance not taken, and by its failure to take any action for forty-one years, the plaintiff has waived the breach of condition. But mere indulgence and acquiescence by a grantor in the breach of the condition subsequent is insufficient in the absence of a showing of prejudice to the grantee or his heirs. To constitute a waiver there must be some affirmative or express agreement on the part of the person entitled to re-entry for the breach. (*Jackson ex dem. Bronck* v. *Crysler*, *supra;* *Trustees of Union College* v. *City of New York*, *supra;* 3 Kerr on Real Property, p. 1868; 2 Washburn on Real Property [6th ed.], p. 21; 43 A. L. R. 1050.) As to prejudice defendant does not claim it, nor could such a claim be successfully asserted. On the contrary, far from being prejudiced, defendant occupied the premises tax free for forty-three years, received a substantial award upon the taking of the land and the building in the condemnation proceeding in 1923. Furthermore, the acts of the defendant indicate that it had so little regard for the property that within a couple of years after the consolidation of the town of Gravesend with the city of Brooklyn, the defendant abandoned the premises for its corporate purposes and, while permitting the use of the building for other purposes for a time, actually gave such building away about twelve years ago.

The proof does not support a claim of estoppel for the city is not barred from asserting its rights by any erroneous opinion or conclusions of the corporation counsel or his assistants, nor does it show that the performance of the condition in the deed was rendered impossible by any active or other interference by the grantor or its successors.

Judgment is, therefore, directed for the plaintiff.