ANNA M. ELGAR, Appellant, v. S. H. KRESS & Co., Respondent.

Argued March 9, 1955; decided June 2, 1955.

*Sidney S. Levine* for appellant.  I. Aside from the illegality of the resolution granting defendant immunity from the zoning regulations for a distance of 100 feet on Elm Place, plaintiff has a meritorious cause of action to restrain defendant in equity from continuing a nuisance it has created.  (*Cogswell* v. *New York, N. H. & H. R. R. Co.,* 103 N. Y. 10; *Garvey* v. *Long Is. R. R. Co.,* 159 N. Y. 323; *Peters* v. *Moses,* 259 App. Div. 307; *Bohan* v. *Port Jervis Gas-Light Co.,* 122 N. Y. 18.)  II. The adoption of the resolution of the city planning commission granting to defendant the right to maintain a commercial structure in a residential district is a mere attempt to grant defendant immunity for a distance of 100 feet in a residential block and is in violation of plaintiff's constitutional rights.  (*Stuart* v. *Palmer,* 74 N. Y. 188; *United States Trust Co. of N. Y.* v. *United States Fire Ins. Co.,* 18 N. Y. 199; *Matter of Security Trust Co. of Rochester,* 189 Misc. 748; *Matter of Decker* v. *Pouvailsmith Corp.,* 225 App. Div. 489.)  III. It was reversible error for the Appellate Division to deny plaintiff's motion to correct the record.  IV. A substantial part of plaintiff-appellant's property is protected by the zoning restrictions.  V. Under the complaint, a court of equity would have been justified in giving plaintiff partial relief if not granting her judgment for her entire claim.

*Henry H. Wiggins* and *Charles F. Houghton* for respondent.  I. The area within which defendant-respondent's property is located was validly rezoned and changed from a residence district to a retail-1 district.  II. The use of the building in question for the operation of a retail store is permissible under the zoning resolution of the City of New York.  (*Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339; *Matter of Goelet* v. *Moss,* 248 App. Div. 499, 273 N. Y. 503; *Bove* v. *Donner-Hanna Coke Corp.,* 236 App. Div. 37.)  III. It is abundantly clear from

the allegations of the complaint as well as from the facts set forth in plaintiff-appellant's own affidavit that no finding of a nuisance is sufficiently alleged or could be sustained. (*Booth* v. *Rome, Watertown & Ogdensburg Term. R. R. Co.,* 140 N. Y. 267; *Campbell* v. *Seaman,* 63 N. Y. 568; *Peters* v. *Moses,* 259 App. Div. 307; *Frank* v. *Cossitt Cement Products,* 197 Misc. 670; *Lavery* v. *Hannigan,* 20 Jones & Sp. 463; *Levy* v. *Brothers,* 4 Misc. 48.) IV. Since it appears from the allegations of the complaint as well as from the facts set forth in plaintiff-appellant's own affidavit that no finding of a nuisance is sufficiently alleged or could be sustained, defendant-respondent's motion for summary judgment was authorized and summary judgment was properly granted. (*Sweet* v. *Campbell,* 282 N. Y. 146.) V. Plaintiff-appellant's motion in the Appellate Division for an order correcting the record on appeal was properly denied.

DYE, J. In this action for injunctive relief and money damages, the plaintiff appeals from an order of the Appellate Division, First Department, which reversed on the law an order of the Special Term, Supreme Court, Bronx County, denying defendant's motion for summary judgment made under the Rules of Civil Practice (rule 113) and granted defendant summary judgment dismissing the plaintiff's complaint.

According to the complaint, the plaintiff is the owner and occupant of a single-family dwelling situated on the easterly side of Elm Place between the southerly side of East Fordham Road and the northerly side of 188th Street, Borough of The Bronx, which is a district zoned residential; that the defendant has erected a five-story commercial building facing on East Fordham Road, having its freight entrance and loading platform on the west side of Elm Place directly opposite the plaintiff's house, which is in a district zoned Retail-1; that the defendant's building as thus erected was in violation of the city's zoning regulations in that the consent of the property owners within the designated radius was not first obtained before the adoption of the rezoning resolution increasing the depth of retail district 1 between Elm Place and Tiebout Avenue by 100 feet, the effect of which is to deteriorate the value of plaintiff's property for residential purposes. The complaint further alleges that the noise and disturbance caused by the loading

and unloading operations at the freight entrance so interferes with the peace and quiet of the use of her premises for residential purposes as to constitute a nuisance. The defendant's answer and documentary evidence based on official records plainly demonstrate that the city planning commission in amending the zoning resolution followed procedure prescribed by section 200 of the New York City Charter and that defendant's building was erected in full compliance with applicable city building requirements. The sufficiency, verity and conclusiveness of such documentary evidence and official records are not refuted. It thus follows that the defendant has a good defense to that phase of the complaint based on the invalidity of the zoning resolution. While the additional allegations based on nuisance are not couched in language that characterizes a careful and precise pleading, nonetheless enough has been shown in this record to raise an issue of fact as to whether the noise and disturbance generated by defendant's freight-loading operations warranted restraint. This factual issue should not be decided on affidavits but by trial in the usual manner and this is so even though it may be said as a general proposition of law that the normal operation of a loading platform as an incident of permitted use is not subject to restraint as a nuisance (*Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *Solof* v. *Heitner,* 280 App. Div. 937; cf. *People* v. *Borden's Condensed Milk Co.,* 216 N. Y. 658). Accordingly, the complaint may not be dismissed on motion made under rule 113 of the Rules of Civil Practice (*Lederer* v. *Wise Shoe Co.,* 276 N. Y. 459, 465; *Pross* v. *Foundation Properties,* 158 Misc. 304; cf. *McGreevy* v. *McGreevy,* 279 App. Div. 705).

The judgment of the Appellate Division should be reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.

Conway, Ch. J., Fuld, Froessel and Burke, JJ., concur with Dye, J.; Desmond, J., dissents and votes to affirm upon the ground that the complaint and affidavits show conclusively that plaintiff has no grounds for any relief; Van Voorhis, J., taking no part.

Judgment accordingly.