NIKKI A. SACKSTEIN, an Infant, by His Guardian ad Litem, MAY W. SACKSTEIN, et al., Respondents, v. MARIAN WECHSLER et al., Defendants, and PAGANO, INC., Appellant.— Appeal (1) from an order granting respondents' motion to consolidate two actions, and (2) from an order denying appellant's cross motion to dismiss the action in which it was the adverse party for lack of

prosecution, or for summary judgment. Orders affirmed, without costs, and without prejudice to a renewal, if appellant be so advised, of the motion for summary judgment. The actions were brought by an infant to recover damages for personal injuries, and by his mother for medical expenses and loss of services, alleged to have been sustained when the infant was struck by a motor vehicle. One action was brought against defendant Bernard Wechsler, the alleged registered owner of the motor vehicle, and defendant Marian Wechsler, the operator. The other action was brought much later against appellant, the employer of defendant Bernard Wechsler, on the ground that appellant had held itself out to be the owner of the motor vehicle by painting thereon a sign " Pagano Studios " and that the accident was due to the negligence of appellant, " its agent, servant and/or employee " in the operation of the vehicle. No affirmative defense was pleaded in the answer, which was in substance a general denial. Under the unusual facts shown in this case, there was no abuse of discretion by the Special Term in granting consolidation and in denying dismissal of the action for lack of prosecution (see, e.g., *Biss* v. *Graci*, 1 A D 2d 675). The assertions in the affidavit of respondents' attorney that the adult respondent and witnesses said that " Pagano " or " Pagano Studios " was painted on the vehicle were based on hearsay and were without probative value to contradict the assertions in the affidavits submitted in support of the cross motion that " Pagano " was not painted on the vehicle (*Barnet* v. *Horwitz*, 278 App. Div. 700; *Cohen* v. *Pannia*, 7 A D 2d 886). But under rule 113 of the Rules of Civil Practice as it read at the time the order was entered, prior to the amendment thereof effective March 1, 1959, and under the peculiar facts herein, the Special Term did not commit reversible error in denying the cross motion for summary judgment (see, e.g., *Ball Motors* v. *Orange County Trust Co.*, 8 A D 2d 937; cf. *Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459, 464). We do not decide whether it would have been proper for the Special Term to grant the cross motion for summary judgment if the cross motion had been made after the amendment to rule 113 became effective. Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.