STANDARD OIL COMPANY, Appellant, vs. LANE and others, Respondents.

*January 13 — January 28, 1890.*

*Liens: "Materials:" "Protection" of machinery: Lubricating oil.*

One who furnishes lubricating oil to be used, and which actually is used, on the machinery in a mill, is not entitled to a lien therefor on the premises, under sec. 3314, R. S., giving such lien to every person who furnishes any *materials* in or about the erection, construction, *protection*, etc., of any machinery.

APPEAL from the Circuit Court for *Bayfield* County.

Action to enforce a lien upon certain mill premises for lubricating oils alleged to have been sold to the defendant *Lane* to be used, and to have been actually used, in the protection and repair of mill machinery. The circuit court found the facts to be substantially as alleged in the complaint, and rendered a personal judgment against the defendant *Lane*, but denied the plaintiff's claim for a lien. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Lamoreux & Gleason*, and oral argument by *E. F. Gleason*. They contended that the term "protection of machinery" should receive a broad and liberal construction, citing *White Lake L. Co. v. Russell*, 22 Neb. 126; *Montandon v. Deas*, 14 Ala. 33; *Brown v. Pendergast*, 7 Allen, 427; *Hazard Powder Co. v. Byrnes*, 12 Abb. Pr. 469; *Dixon v. LaFarge*, 1 E. D. Smith, 722; *Keystone M. Co. v. Gallagher*, 5 Col. 23.

For the respondents there was a brief by *Miles & Shea*, and oral argument by *W. F. Shea*.

COLE, C. J. We think the decision of the court below, holding that the plaintiff was not entitled to a lien for its debt, was correct and must be affirmed. Its claim was for lubricating oil sold to be used, and actually used, on the

machinery in the mill situated on the premises described in the complaint. There is no dispute about the facts of the case. The only question is, Does the statute give a lien for the claim for oil furnished for such purpose? It is contended on the part of the plaintiff that it does, because it is said the oil was necessary to protect the machinery against the effects of friction while it was in motion, and to prevent it from wearing out. The solution of the question involved depends entirely upon the construction of the statute giving mechanics' liens.

The statute provides, in effect, that every person who, as principal contractor, architect, etc., performs any work or furnishes any materials in or about the erection, construction, protection, or removal of any dwelling-house or other building, or any machinery erected or constructed so as to be or become a part of a freehold upon which it is to be situated, shall have a lien for such labor and materials. R. S. sec. 3314, as amended. See 2 S. & B. Ann. Stats. 1841. Lubricating oil sold to be used, and actually used, in operating mill machinery, may protect such machinery against the effects of friction, and thus preserve it from injury. But is it the intent of the statute to give a lien for everything used on machinery which may protect it and preserve it or keep it from wearing out? The statute seems to go on the principle that materials used and labor performed on machinery, which enhance its value and become a part of such machinery, should be entitled to a lien. This appears to be the object of the statute. It is clear that it is not everything used in operating machinery and which tends to preserve it, that is embraced within the meaning of the statute. Many things may serve to preserve machinery and make it operate more efficiently and easily, which do not protect it in the sense of the statute. Illustrations of this view were given on the argument, and others might be suggested. It will be noticed that the

word "protection" is used in connection with "erection, construction, and repairs," as well as "removal." And while the word "protect" often means to cover, shield, or defend from injury, harm, or danger of any kind, the word imports in the statute something used or furnished for the machinery which not only preserves it from injury but becomes a part of the machinery itself.

The statutes of the different states giving mechanics' liens are so dissimilar that we derive but little aid from the decisions under them. The question is new in this state, and we are not prepared to say that lubricating oils used upon the machinery of a mill, though they may preserve and keep it from wearing out, are "material," within the meaning of the statute. While this court has been disposed to give the statute a liberal construction, so as to include all claims coming fairly within its provisions, yet it seems to us that the contention of the plaintiff can only be sustained by a forced and unnatural interpretation of the language used by the legislature.

*By the Court.*— The judgment of the circuit court is affirmed.