A. M. HOLTER HARDWARE CO., PLAINTIFF, *v.* ONTARIO MINING CO., ET AL., DEFENDANTS.

CONTINENTAL OIL CO., Appellant.
MERCHANTS NATIONAL BANK, ET AL., Respondents.

[No. 1195.]

[Submitted April 9, 1900.  Decided May 14, 1900.]

*Mechanics' Liens—Mining Plant—Lienable Materials—Oil for Machinery.*

Illuminating oil, mica grease, lubricating oil, and gasoline for fuel used in a mining plant did not enhance the value nor become part of the machinery, and hence were not

lienable, within Code of Civil Procedure, Sec. 2130, providing that every person furnishing material for any machinery, fixture, or building, shall have a lien therefor.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by the A. M. Holter Hardware Company against the Ontario Mining Company and others to enforce a mechanic's lien. From a judgment denying a lien to defendant Continental Oil Company, it appeals. Affirmed.

*Mr. F. N. McIntyre,* for Appellant.

We contend that the lubricating and illuminating oils and grease furnished in the account set out in our cross-complaint were necessary for the lighting of the mines and mill and running the machinery of said mill of the Ontario Mining Company in the working and developing of its mines, and this contention is fully sustained by the testimony of the witnesses. These articles are as clearly within the meaning of the Statute as anything we can conceive of as essential to the working of a mine. In the testimony of said witnesses they stated the illuminating oil (coal oil) was as necessary as candles for the lighting of The Ontario Mining Company's mine and mill. Therefore we contend a lien will lie for it as well as candles, and that candles have been held to be a lienable material, we cite: *Keystone Mining Co.* v. *Gallagher*, 5 Colo. 27.

*Messrs. McConnell & McConnell,* for Respondents.

**PER CURIAM.** This action was brought to foreclose a material man's lien against the defendant Ontario Mining Company; the Continental Oil Company, the appellant, being one of the defendants. This defendant sought to enforce a lien against the real property of the Ontario Mining Company for the price of sundry materials furnished to it between the 1st day of January, 1896, and the 16th day of June, 1896; the claim of lien having been filed on the 31st day of July, 1896.

The supposed rights of the Continental Oil Company were contested by the Merchants' National Bank and one Hershfield, claiming interests in the property of the mining company by virtue of attachments and executions against it. Upon trial the Continental Oil Company obtained a judgment against the mining company for the amount of its claim of $267.67, with interest, but only $22.68 of that amount, with interest from August 1, 1896, and attorney's fees, was decreed to be a lien upon the real estate of the debtor. The court found that each month's sales were separate and independent accounts, and that the appellant was not entitled to a lien for the value of any materials not furnished within 90 days next before the time when the statement of lien was filed, and that none of the articles are of a lienable nature, except the gasoline for fuel in the assay office in connection with the mill and concentrator. Some of the gasoline had been furnished more than 90 days before the statement of lien was filed. The appeal is from the order denying a new trial, and from so much of the judgment as fails to allow a lien for the whole account.

We find it unnecessary to determine whether or not the account in suit is made up of a series of independent contracts, or whether or not the purchases during each month constitute separate and independent accounts. The articles furnished for which a lien is claimed consist of coal oil for illuminating purposes, mica grease and oil for lubricating purposes, and gasoline used for fuel. We are satisfied that no one of these is of a lienable nature. Each is consumed in use; neither adding to the value, nor becoming parcel, of the property upon which it is used. Section 2130 of the Code of Civil Procedure does not, by any fair construction, include the materials for which a lien is sought to be enforced in the case at bar. The statute creating the right of the material man to acquire a lien is the outgrowth of the principle that he who furnishes that which becomes a constituent part of real property, and is intended to enhance its value, should be given security for the price or worth thereof. The doctrine is well stated by Mr. Justice Brewer in *Central Trust Co.* v. *Texas & St. L.*

*Ry. Co.* (C. C.) 23 Fed. 703: "The language of the statute contains the word 'fuel,' in addition to the words 'labor and material;' and it is claimed that the use of the word 'fuel' enlarges the meaning of the word 'material,' and makes it broad enough to cover all supplies furnished.    But for that word 'fuel,' there would be no question.    The idea which underlies these lien statutes is that because the labor and the material have gone into the building of the road or structure, and to that extent added to its value, therefore a lien for such labor and material should be given to him who does the one and furnishes the other.    *    *    *    While we may be compelled to follow the language of the statute, and give for the fuel furnished a lien, yet I think in the construction of these statutes we should start from the underlying thought of giving security to him who adds to the value of the road, and that we should never carry the statute beyond that, unless imperatively demanded by the language used."    The Wisconsin statute provides that every person who furnishes any materials in or about the erection, construction, protection, or removal of any machinery which is or becomes a part of the freehold, shall have a lien for such materials.    In *Standard Oil Co.* v. *Lane,* 75 Wis. 636, 44 N. W. 644, 7 L. R. A. 191, the court said:    "The statute seems to go on the principle that materials used and labor performed on machinery, which enhance its value and become a part of such machinery, should be entitled to a lien.    This appears to be the object of the statute.    It is clear that it is not everything used in operating machinery, and which tends to preserve it, that is embraced within the meaning of the statute.    Many things may serve to preserve machinery and make it operate more efficiently and easily, which do not protect it in the sense of the statute."    We affirm the doctrine announced in these cases, as based upon correct principle.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY, being disqualified, takes no part in this decision.