LOUIS LEVINE et al., Appellants, v. SOSTHENES BEHN et al., Respondents, Impleaded with Others.

Argued January 17, 1940; decided March 5, 1940.

*Arthur G. Warner* and *David L. Stehr* for appellants. The defendants' general denial is not a " defense " within the meaning of rule 113 of the Rules of Civil Practice. (*Knickerbocker Trust Co.* v. *Miller,* 149 App. Div. 685; *Ebin* v. *Equitable Life Assur. Society,* 177 App. Div. 458; *Barone* v. *O'Leary,* 44 App. Div. 418; *Siede* v. *Newkirk,* 148 App. Div. 864; *Curtis* v. *Searles,* 206 App. Div. 287; *Moffat* v. *Phœnix Brewery Corp.,* 247 App. Div. 552; *People ex rel. Freligh* v. *Matsell,* 94 N. Y. 179; *Matter of New York & Brooklyn Bridge,* 72 N. Y. 527; *Palmer* v. *Van Santvoord,* 153 N. Y. 612.) The self-serving declarations in the corporate minutes as to the directors' motives, assertions and discussions, together with a decision in a case to which neither the plaintiffs nor the defendants were parties are incompetent and inadmissible in evidence and cannot be the basis of a motion for summary judgment. (*Reilly* v. *Freeman,* 84 App. Div. 433; *Thayer* v. *Schley,* 137 App. Div. 166; *Matter of Hayes,* 153 Misc. Rep. 233; *Matter of Mandelbaum,* 80 Misc. Rep. 475; 159 App. Div. 909; *Gallagher* v. *Perot,* 122 Misc. Rep. 845; *Lederer* v. *Wise Shoe Co.,* 276 N. Y. 459; *Goldstein* v. *Massachusetts Acc. Co.,* 246 App. Div. 823.) The Special Term found that the so-called documentary evidence was not conclusive. Therefore, it was error to grant summary judgment under the fifth paragraph of rule 113, which requires the plaintiff merely to raise an issue as to the conclusiveness of the documentary evidence. (*Karpas* v. *Bandler,* 218 App. Div. 418; *Weiss* v. *Goldberger,* 209 App. Div. 615; *Miner* v. *Reinhardt,* 225 App. Div. 530; *Brooklyn Clothing Corp.* v. *Fidelity-Phœnix Fire Ins. Co.,* 205 App. Div. 743; *Rogan*

v. *Consolidated Coppermines Co.*, 117 Misc. Rep. 718; *Woodmere Academy* v. *Moskowitz*, 212 App. Div. 457.)

*Robert Nias West, John R. Henry* and *Guy Cary* for respondents. The defense is sufficient as a matter of law. (*Staten Island Midland R. R. Co.* v. *Hinchliffe*, 170 N. Y. 473; *Pross* v. *Foundation Properties, Inc.*, 158 Misc. Rep. 304; *Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459; *Holland* v. *Presley*, 280 N. Y. 835; *Curry* v. *Mackenzie*, 239 N. Y. 267; *Rice* v. *Chapman*, 234 App. Div. 279; *Holland* v. *Atlantic Stevedoring Co.*, 239 N. Y. 605; *MacAffer* v. *Boston & Maine Railroad*, 268 N. Y. 400; *Broadway Trust Co.* v. *Manheim*, 47 Misc. Rep. 415; *Morgan Munitions Supply Co.* v. *Studebaker Corp.*, 226 N. Y. 94; *Securities & Exchange Comm.* v. *Timetrust, Inc.*, 28 Fed. Supp. 34.) The defense is established, not only *prima facie* but conclusively, by documentary evidence. (*Kelly* v. *Jackson*, 6 Pet. [U. S.] 622; *United States Vinegar Co.* v. *Schlegel*, 143 N. Y. 537; *Hull* v. *Littauer*, 162 N. Y. 569; *Leonard* v. *Faber*, 52 App. Div. 495; *Gentry-Futch Co.* v. *Gentry*, 90 Fla. 595; *Commissioner of Banks* v. *Cosmopolitan Trust Co.*, 253 Mass. 205; *Mooresville Building, Savings & Loan Assn.* v. *Thompson*, 212 Ind. 306; *Catholic F. M. Society* v. *Oussani*, 215 N. Y. 1; *Friend* v. *Hamill*, 34 Md. 298.)

SEARS, J. The plaintiffs are stockholders of the defendant The National City Bank of New York. The defendants, other than the bank, were the directors of the bank at the time the transactions mentioned in the complaint occurred, and the executor of one such director who has died. The action is a derivative one in which the plaintiffs seek to recover for the bank a large sum of money by reason of the alleged wrongful, willful, reckless and negligent acts of the individual defendants in paying out of the bank's funds the sum of $725,000 in settlement of a claim against the bank in favor of the receiver of another banking institution, namely, the Harriman Bank, which, as plaintiffs allege, the directors knew or could and should have known was palpably unfounded. Answers have been interposed by the defend-

ants containing general denials of the material allegations of the complaint which are amplified by specific statements of fact in conflict with the allegations of the complaint. The answers contain no other affirmative defenses. The defendants have moved for summary judgment under the fifth paragraph of rule 113 of the Rules of Civil Practice which reads as follows: " Where an answer is served in any action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

The plaintiffs contend that inasmuch as the answers contain no affirmative defense but only denials, direct and inferential, a motion for summary judgment is unauthorized by the rule. The case does not fall within any of the eight classes enumerated in the first paragraph of the rule. Authority to make the motion must, therefore, be found in the language quoted from the rule. (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459.) The controversy wages over the meaning of the word " defense." The plaintiffs urge that the word " defense " must be confined in application to an affirmative defense, in the nature of avoidance. In support of their position they refer to the use of the words " denials or defenses " in the second paragraph of the rule as demonstrating a differentiation between negative and affirmative matter in an answer. They direct attention also to the phrasing of section 261 of the Civil Practice Act where the contents of an answer are stated to be (1) denials of material allegations of the complaint, and (2) " a statement of any new matter constituting a defense  *  *  *." The plaintiffs also assert that the phrase " where an answer  *  *  * setting forth a defense which is sufficient as a matter of law," is peculiarly applicable to allegations of new matter. and, if referable to denials, is awkward and redundant.

The defendants, on the other hand, contend that the word "defense" in the quoted language must be given a broad meaning in order to carry out the general intention of the rule, and must be construed to include denials as well as statements in avoidance. They argue that the quoted language would have little purpose unless a broad interpretation were given to the word inasmuch as rule 107, which was in effect before the quoted language was added to rule 113, would under the construction urged by the plaintiffs cover substantially the same field; and that a construction of the word "defense" to include a denial has received judicial approval. (*Staten Island Midland R. R. Co.* v. *Hinchliffe*, 170 N. Y. 473, 481.)

The choice between these positions is not an easy one. The word "defense" is ambiguous. We find no authority holding that a general denial is not a defense. In fact, in the second paragraph of the very rule under consideration occurs a provision requiring a statement by a plaintiff moving for summary judgment to show belief by the plaintiff that "there is no defense to the action." In this clause manifestly "defense" is used in its broadest sense and includes everything which would defeat the plaintiff's claim. As neither the construction sought by the plaintiffs nor that sought by the defendants would do violence to definition or grammatical construction, we look to the purposes sought to be accomplished by the rule. We conclude that more was intended by the paragraph than a reassertion and limited amplification of the provisions of rule 107, and that a broad construction of the word "defense" better accords with the developing use of motions for summary judgment to secure prompt determination of judiciable controversies. (*Lederer* v. *Wise Shoe Co.*, *supra*.)

As we find the pleadings to be such as to authorize the defendants to move for summary judgment, we must consider the sufficiency of the documentary evidence and official records to establish a defense. While a large number of documents and records are included in the defendants' motion papers, the defense centers about the minutes of

meetings of the executive committee of the defendant bank and of its board of directors when the settlement of the Harriman Bank claim was authorized. The minutes show that reasons were then brought to the attention of the members of the executive committee and of the directors as to why the settlement would be advantageous to the bank, even though the Harriman Bank's claim might not be legally enforceable. These reasons were stated, according to the minutes, before authorization of the settlement was given by executive committee and directors. We need not consider whether the minutes as documentary evidence are competent to establish anything beyond the vote recorded. Even if consideration is given to all the matters which are included in the minutes, it appears therefrom that other statements not included in the minutes of the executive committee were made at the meeting of that body. It appears further that the minutes of the executive committee were signed by a defendant director who was charged by the representatives of the Harriman Bank with personal responsibility for the claim which the Harriman Bank was seeking also to enforce against the defendant National City Bank. Questions of fact are thus presented as to the verity and conclusiveness of the documentary evidence. Nor is this all. Here is an instance where bank directors authorized the expenditure of a large amount of the bank's funds in settlement of a claim as to which they had received advice from at least one legal consultant that the bank was not liable and apparently had no advice that it was liable, and where the reasons for the action as given by the minutes were principally the protection of the reputation of the bank and the retention of the approval of public officials while other motives not wholly lacking in factual support are urged by the plaintiffs as entitled to consideration in determining what the actual purposes of the defendant directors were. Although the advice of counsel is not in itself a controlling factor (*Continental Ins. Co.* v. *New York & Harlem R. R. Co.*, 187 N. Y. 225; *Codman* v. *Dumaine*, 249 Mass. 451), and although we find that the claim which was settled was not palpably unfounded, nevertheless we must conclude that, under all the circumstances, the documentary evidence and

official records do not negative beyond question the allegations of wrongful, willful, reckless and negligent conduct contained in the complaint. Only the director defendants know the sources from which their actions flowed. Their credibility remains to be tested in a court of justice. Whether their actions came from justifiable or improper motives remains a question of fact despite the statements in the minutes. To use the words of the rule, facts are shown sufficient to raise an issue with respect to the verity and conclusiveness of the documentary evidence.

The judgments should be reversed and the defendants' motion for summary judgment denied, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.