HUB OIL COMPANY, INC., Plaintiff, *v.* JODOMAR, INC., and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendants.

Supreme Court, Monroe County, May 5, 1941.

*Goodwin, Nixon, Hargrave, Middleton & Devans* [*Justin J. Doyle* of counsel], for the plaintiff.

*Johnson & Johnson* [*Byron A. Johnson, Jr.*, of counsel], for the defendant Massachusetts Bonding and Insurance Company.

VAN VOORHIS, J. This motion is founded upon facts claimed to be established *prima facie* by documentary evidence, and, therefore, is maintainable by the defendant. (*Levine* v. *Behn*, 282 N. Y. 120; *Lederer* v. *Wise Shoe Co.*, 276 id. 459.)

Plaintiff seeks to recover for gasoline, lubricating oil, kerosene and alcohol sold and delivered to defendant Jodomar, Inc., and used by it in the reconstruction of a bridge over the Barge Canal in the performance of a contract with the State of New York. The fuel and lubricants thus supplied found no permanent place in the completed structure, but were used in the contractor's con-

struction machinery. Liability is sought to be enforced against the moving defendant Massachusetts Bonding and Insurance Company under its labor and material bond, which recites that the bond has been required by the State Comptroller under the terms of chapter 707 of the Laws of 1938. The statute referred to is section 137 of the State Finance Law, and provides that in the case of contracts for the prosecution of public improvements for the State the Comptroller may require " a bond guaranteeing prompt payment of moneys due to all persons supplying the contractor or a subcontractor with labor and materials employed and used in carrying out the contract, which bond shall inure to the benefit of the persons supplying such labor and materials. In order to secure any rights and benefits conferred herein, laborers having claims for unpaid wages shall file and enforce a wage claim as provided by the Labor Law or shall file and enforce a mechanic's lien pursuant to the provisions of the Lien Law, and a materialman, in order to secure any such rights and benefits, shall file and enforce a mechanic's lien pursuant to the provisions of the Lien Law." The theory of the bonding company in moving to dismiss the complaint is that it is required to guarantee payment of such materials only as became part of the structure of the bridge, or came into physical contact therewith, and that it is not liable for such items as fuel for the contractor's machinery which is claimed to be in the same category as food for the laborers employed upon the job.

The courts have had occasion to rule upon this question in connection with the foreclosure of mechanics' liens. (*Shultz* v. *Quereau Co.*, 210 N. Y. 257; *Wilson* v. *Moon*, 240 App. Div. [Fourth Dept.] 440; *Lackawanna Steel Constr. Co.* v. *Longacre E. & C. Co.*, 151 Misc. 17, 29.) In *Shultz* v. *Quereau* (*supra*) the court quoted from *Sampson Co.* v. *Commonwealth* (202 Mass. 326; 88 N. E. 911): " We are of opinion that there is a plain distinction between materials so used [fuel to generate power on a construction job] and materials that enter directly into the work and become a part of it," otherwise it might be argued that " coal that is used in portable engines, oil that is used in the lubrication of building machinery, and even food which is eaten by laborers, all are consumed in the construction of the building and hence are lienable materials. But all these things seem quite plainly distinguishable. They are at least one step further removed from the actual work of construction. They have neither physical contact nor immediate connection with the structure at any time. They are used only to facilitate and make possible the operation of tools, machinery, or men, which in their turn act upon the structure. The authorities

are unanimous in holding that no lien accrues for such materials." (210 N. Y. 260, 261.) Plaintiff concedes upon this motion that no mechanic's lien could be filed for what it furnished. The question is whether materials that cannot be protected by mechanics' liens are within the coverage of the bond in suit, which was given to satisfy the requirements of section 137 of the State Finance Law.

That section demonstrates that its phrase " materials employed and used in carrying out the contract " was intended by the Legislature to include only materials for which mechanics' liens can be filed. Otherwise it would not state that in order to secure any rights and benefits conferred by the act a materialman shall file and enforce a mechanic's lien pursuant to the provisions of the Lien Law. The Court of Appeals having held that gasoline and oil are not lienable (*Shultz* v. *Quereau, supra*), it follows that payment therefor is not guaranteed by bonds required under section 137 of the State Finance Law.

There is a necessary practical basis for the ruling in the *Shultz* case limiting the nature of materials that can become the subject of mechanics' liens. The courts in different States have disagreed concerning where the line of demarcation is to be drawn defining what is lienable (See Annotation, 91 A. L. R. 1027, at p. 1028), but that it must be drawn somewhere is clear, and plaintiff concedes that the *Shultz* case is the law of this State. The same reasoning which excludes gasoline and oil and other fuels and lubricants from mechanics' liens applies equally to materialmen's bonds. (*Wilson* v. *Moon, supra*, p. 443.)

On behalf of plaintiff it has been argued that the bond that was written in this case is broader in scope than was necessary to comply with section 137 of the State Finance Law. This argument has little foundation in fact. The entire language of the instrument, except the recitals, is taken verbatim from section 137. That includes the words which plaintiff contends cover its gasoline and other products, viz., " materials employed and used in carrying out the contract." When these words of section 137 were incorporated into the bond the object was to guarantee payment for what the statute required. It is not conceivable that the parties intended to use the language of the statute with an altered meaning. The Legislature has indicated that it intended to denote such materials only as are lienable. " The right of the Legislature to define the meaning of particular phrases employed in a statute or the duty of the courts to recognize definitions thus established has never been seriously questioned." (*People ex rel. Champlin* v. *Gray*, 185 N. Y. 196, 200.) For present purposes it does not matter that the proviso that mechanics' liens must be filed and enforced in

order to secure any benefits from section 137 of the State Finance Law was not inserted in the bond. It stands as a statutory definition of what the Legislature meant by "materials employed and used in carrying out the contract," which has been carried over into the bond, and means in the bond what it did in the statute. No decision need be made concerning whether it would have been necessary for plaintiff to file and enforce a mechanic's lien in order to recover upon this bond if the materials which it furnished had been lienable. These materials were not lienable and hence not covered by the bond. That disposes of this action against the moving party.

The motion of defendant Massachusetts Bonding and Insurance Company for summary judgment dismissing the complaint against it is granted, with costs of the action and of this motion.