WILLIAM H. HYDE, Plaintiff, *v.* JOHN K. CLARK, Chairman, State Board of Law Examiners, Defendant.

Supreme Court, Special Term, Queens County, December 31, 1942.

*John J. Bennett, Jr., Attorney-General (John F. X. McGohey* of counsel), for defendant.

*William Henry Hyde,* plaintiff in person.

DALY, J. The plaintiff, an unsuccessful candidate at an examination for admission to the Bar of the State of New York, conducted by the State Board of Law Examiners, has brought an action against the Chairman of said Board to recover the sum of $10,000 as damages, alleging in the complaint that he successfully passed the examination but that the Board has fraudulently and falsely neglected and refused to notify him that he passed the examination and has sent him a contrary report. The defendant now moves, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint upon the ground that the defense pleaded in the answer is founded upon facts established *prima facie* by documentary evidence or official record.

According to the documentary proof, it appears that the plaintiff at the examination held on the 19th and 20th of March, 1942, received a mark in the part of said examination dealing with Adjective Law which was five per cent below the pass mark, and received a mark in the part of said examination dealing with Substantive Law which was thirty-five per cent below the pass mark, and that he was duly notified that he had failed to pass either part of said examination.

Upon a motion of this character it is the duty of the plaintiff to show '' such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness '' of the documentary evidence or official record. If facts are shown sufficient to raise such an issue, the motion must be denied. (*Levine* v. *Behn,* 282 N. Y. 120, 126.)

In the instant case the plaintiff has submitted no opposing affidavit whatsoever. He has merely presented a memorandum conclusory in character, which challenges the remedy of summary judgment generally and questions the conclusiveness of the documents attached to the moving papers by contending that there was a mistake in the evaluation of the answers given by him at his examination and not in the certificate issued by the defendant. This is altogether insufficient to show any facts establishing the existence of triable issues. The defendant's motion must accordingly be granted. Submit order.