PAGANO, INC., et al., Plaintiffs, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, June 23, 1950.

*Dudley Davis, Charles M. Swezey, Philip J. Lynch* and *John G. Duport* for defendant.

*Raymond J. McGrover* for plaintiffs.

McNally, J.  Motion by the defendant, pursuant to rule 113 of the Rules of Civil Practice, for an order dismissing the complaint is denied.  The action is paraphrased in the defendant's brief as " * * * a tort action * * * on the ground that in order to prevent plaintiffs from using their land for any purpose that might affect the value of defendant's premises and to depress the value of plaintiffs' property * * * defendant on or about December 15, 1947 induced the City Construction Co-ordinator and the President of the Borough of Manhattan to propose to the Board of Estimate on December 18, 1947 a plan for the condemnation of the entire block in which plaintiffs' property is located and * * * on December 19, 1947 defendant maliciously published an article in the Herald Tribune so as to create in the minds of its readers the false impression that plaintiffs' building and the other buildings in said block would be demolished * * * and that defendant * * * intentionally pursued its scheme to deprive plaintiffs of prospective purchasers, tenants, clients and customers and to so depress the value of plaintiffs' property as to make it possible for defendant subsequently to purchase the same at a nominal amount."

This would appear to be an action for " the intentional infliction of temporal damage " (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 83).  In such an action the fact that the acts complained of are lawful does not bar the right to a recovery (*Beardsley* v. *Kilmer,* 236 N. Y. 80).  We assume, for the purpose of this application, that the acts and conduct complained of are lawful.  That brings us to the issue of the defendant's motives.  Plaintiffs, on one hand, allege the defendant's motives to be malicious and the defendant, on the other hand, asserts the absence of malice and the presence of proper motives.

The defendant's moving papers and documents are very persuasive but are not sufficiently conclusive to warrant the summary disposition herein sought.  Where, as here, the search is for the motive which prompted the acts complained of, which involves the ascertainment of subjective considerations, the remedy of summary judgment should be exercised sparingly and with the greatest of caution (*Levine* v. *Behn,* 282 N. Y. 120).

The motion is accordingly denied on the ground that the documentary evidence presented on this application is not conclusive.