Deyo, J.
This action was brought to set aside the purchase of a farm allegedly induced by the fraudulent representation of the defendant sellers, to recover damages and to cancel and set aside a bond and mortgage given as part of the purchase price. The answer denied the material allegations of the complaint and set up a counterclaim for the foreclosure of the mortgage. The reply admitted default under the mortgage, but alleged that its execution was induced by the fraudulent representations of the defendants. The defendants moved for summary judgment under rule 113 of the Rules of Civil Practice. The evidence submitted in support of the motion denied that any fraudulent representations were made; that the purchaser had full opportunity to inspect the premises and to ascertain what the true facts were with respect to which the representations were allegedly made and that the contract for the purchase and sale of the premises specifically stated, “ It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other.” Plaintiffs’ answering affidavit reiterates and amplifies the allegations concerning the fraudulent representations of the defendants, the falsity of which was not discovered until a year later, and the purchaser’s reliance thereon in the purchase of the farm and the execution of the bond and mortgage. No mention is made of the contract or of the provision thereof quoted above. The court below granted defendant’s motion for summary judgment dismissing the complaint and for the foreclosure of the bond and mortgage.
Inasmuch as the action is not one of those enumerated in subdivisions 1 through 8 of rule 113 of the Rules of Civil Practice, the motion is properly made only if the defense set forth is sufficient as a matter of law and is founded upon facts estab *427 lished prima facie by documentary evidence or official record. (Rules Civ. Prac., rule 113; Lederer v. Wise Shoe Co., 276 N. Y. 459.) In this connection the word “ defense ” embraces anything that would tend to defeat the plaintiffs’ claim including even a general denial. (Levine v. Behn, 282 N. Y. 120.) In this type of action allegations on the part of a defendant that the fraudulent representations were not made or that plaintiff should not have relied thereon or could not have been misled are beside the point. The only element to be considered is the documentary proof. In the instant case, such proof is in the form of a contractual provision whereby both parties agreed over their respective signatures that all prior understandings were merged in the contract which alone was to express their agreement, and that neither party relied upon any extrinsic statement or representation of the other. Clearly, this is the type of documentary proof contemplated by rule 113 of the Buies of Civil Practice and prima facie at least, constitutes a complete defense to the cause of action alleged. -It therefore became incumbent upon the plaintiffs to show by affidavit or other proof, facts “ sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence ”. (Rules Civ. Prac., rule 113.) The plaintiffs have not met this burden. Not only do they fail to explain away what apparently is a contractual relinquishment of any cause of action they might have had, based on false representations, but moreover, they do not even mention this agreement anywhere in the answering affidavit submitted. The cause of action for fraud must therefore fall, and with it the only defense interposed to the counterclaim.
The order and judgment should be affirmed, with costs.
Heffernan, J. P., Brewster, Bergan and Coon, JJ., concur.
Order and judgment affirmed, with costs.