Benjamin Brenner, J.
Motion by defendant Kennedy, police commissioner of the City of New York, for summary judgment pursuant to rule 113 of the Rules of Civil Practice.
The complaint sets out two causes of action, the first for false arrest and the second for malicious prosecution. It alleges in part that, on information and belief, defendant as police commissioner, issued an order to members of the police department directing the arrest of all persons known to them to have ever been convicted of a crime or crimes (par. 4), and that such order directed the police officers under his command to make arrests indiscriminately, wrongfully, unlawfully, maliciously and with *673 out warrant or any other due and legal process (par. 5). Plaintiff further alleges that pursuant to the aforesaid order plaintiff was falsely arrested by police officer Cronin who is named as a defendant but not served in this action.
The commissioner’s affidavit, submitted in support of the motion, states that at no time did he issue or authorize any order or orders as alleged in the complaint; he offers the official record of orders of the police department covering a period of approximately two months and extending to the date of plaintiff’s arrest. Also annexed as part of the supporting papers is a copy of the pertinent£ £ Bules and Procedure ’ ’ of the police department. The portion of the aforesaid Bules and Procedures which is submitted on this motion contains a provision that one of the functions of the bureau of order is to maintain a record of orders issued. It is apparently undisputed that the official records of the police department contain no order or orders such as those alleged in the complaint.
Also submitted in support of the motion is an affidavit of police officer Cronin, the arresting officer, in which he states that the plaintiff’s arrest was not made pursuant to any orders issued by Commissioner Kennedy as alleged in paragraphs 4 and 5 of the complaint, and that plaintiff’s arrest was predicated upon the belief of the affiant that there was probable cause therefor. Plaintiff counters by quoting officer Cronin as stating that he was £ £ under orders to arrest all K. Gr. ’s (known gamblers) and known users (drug addicts).” There is also submitted an affidavit of plaintiff’s attorney which quotes newspaper accounts dealing with the police drive, in the course of which plaintiff was allegedly arrested.
One of the questions presented here is whether the documentary evidence or official records negative beyond question the issuance of any directive for plaintiff’s arrest or whether, instead, a question of fact remains as to the verity and conclusiveness of such documentary evidence (Levine v. Behn, 282 N. Y. 120). In my view the official records of the police department do not conclusively support the conclusion that no order, such as is complained of, was issued, and it does not necessarily follow from the absence of a written order that a verbal order was not issued in point of fact. Quite apart from plaintiff’s hearsay assertion, a dragnet and a mass appearance in court of persons similarly arrested, as claimed on argument of this motion, if true, constitute at least circumstantial evidence of the existence of an oral direction for the arrest complained of.
Plaintiff contends that the facts upon which the motion is based are exclusively within the knowledge of the moving party, *674 and that he therefore need not come forward with the quantum of proof usually required to defeat a motion for summary judgment, citing Newman v. Newark Fire Ins. Co. (281 App. Div. 852). But in point of fact, plaintiff is not relying upon the foregoing rule to connect defendant Kennedy with the issuance of the order complained of. As appears from the affidavit of plaintiff’s attorney, plaintiff is relying upon the newspaper accounts which are quoted in the said affidavit to sustain his contention that it was defendant Kennedy who issued the order. It must be borne in mind, and this is the crux of the matter before us, that the defendant is being sued as an individual and not as police commissioner. Even assuming that there is more than mere hearsay knowledge of the existence of an order for plaintiff’s arrest, even assuming that we have here circumstantial evidence which gives rise to the inference of the issuance of such an order, nothing has been presented tending to establish that it emanated from or was authorized by the defendant Kennedy personally. If it is to be assumed that such an order was in fact issued and that it was issued by a subordinate police official, then Kennedy may not personally be held accountable therefor.
There is but one single item of hearsay knowledge that defendant Kennedy personally issued the order. It consists of the newspaper account which quotes defendant Kennedy as saying ‘ ‘ Big shots or little shots, make them blank shots and keep them on the run.” This cannot be deemed by any fair inference to constitute the issuance or authorization of the order complained of, as alleged in paragraphs 4 and 5 of the complaint. The motion is granted.
Settle order on notice.