■ In the Matter of CLAUDIO PERFETTO, INC., Respondent, v
WASTE MANAGEMENT OF NEW YORK, L. L. C., Appellant. [710
NYS2d 120] —In a proceeding to discharge a mechanic's lien,
Waste Management of New York, L. L. C., appeals from an or-

der of the Supreme Court, Kings County (Hall, J.), dated November 18, 1999, which granted the petition.

Ordered that the order is affirmed, with costs.

We reject the appellant's contention that it is entitled to a mechanic's lien against the petitioner's property. It is undis-- puted that, for a fee,, the appellant simply accepted the petitioner's construction debris and waste at one of its disposal facilities. It performed none of the actual waste removal itself. Lien Law § 3 provides, *inter alia*, that any contractor who performs labor or furnishes material for the "improvement of real property" is entitled to a lien. While Lien Law § 3 should be liberally construed to secure the purposes for which it was intended, namely the protection of that class of people who perform services or supply the material for the improvement of realty (*see, Shultz v Quereau Co.*, 210 NY 257; *Giant Portland Cement Co. v State of New York*, 232 NY 395; *Fedders Cent. Air Conditioning Corp. v Karpinecz & Sons*, 83 Misc 2d 720), mere acceptance of construction debris or waste does not con- stitute an "improvement" as that term is defined in Lien Law § 2 (4). Bracken, J. P., Joy, Thompson, Goldstein and Feuer- stein, JJ., concur.