Jesse K. Burke et al. v. C. W. Brown.

No. 833.

1. **Mechanic's Lien—Rental of Tools Used for Moving House.**—Under the mechanic's lien Act of April 5, 1889 (Sayles' Supp., art. 3165, et seq.), giving a lien to one who furnishes "tools to erect any house," such lien will accrue in favor of the rental price of tools used in moving a house.

2. **Same—Original Contractor—Time of Filing Account—Affidavit.**—The owner of tools renting them directly to the owner of a house for use in moving it, is an original contractor within the terms of the above act, having four months, instead of thirty days, within which to file account in order to fix his lien, and the affidavit to such account need not state that "all just and lawful offsets, payments, and credits have been allowed."

Appeal from Galveston. Tried below before Hon. William H. Stewart.

W. B. Denson, for appellants.

No brief for appellee reached the Reporter.

Garrett, Chief Justice.—Plaintiffs brought this suit to remove, as a cloud upon their title, a lien asserted by the defendant Brown against their lot of land situated in the city of Galveston, for furnishing tools to move a house onto said lot. Defendant pleaded in reconvention his statutory lien account, and sought judgment for his debt with foreclosure. From a judgment in favor of defendant this appeal has been taken.

At the request of the plaintiff James J. Burke the defendant, Brown, rented to him certain tools, which the plaintiff used for the purpose of moving a house from elsewhere onto the lot belonging to plaintiffs described in the petition and judgment. The tools were used divers days during the months of August, September, and October, 1893, and plaintiff became indebted for their use as found by the court. On November 9, 1893, more than thirty days after most of the account accrued, the defendant delivered to the clerk of the County Court for Galveston County, for record, a sworn account of the rental for said tools, as provided by the Act of April 5, 1889, to provide for the enforcement of the liens of mechanics, etc. (General Laws Twenty-first Legislature, p. 110; Sayles' Supplement, articles 3165, et seq.); and the same was duly recorded. The affidavit was in substantial compliance with section 4 of said act (Sayles' Supplement, article 3167); and the affiant made oath, that "the foregoing is a true and correct account of the labor performed and material furnished the said J. G. Burke," etc. There was no statement in the affidavit as prescribed in section 2 (Sayles' Supplement, article 3165), "that the account is just and correct, and that all just and lawful offsets, payments, and credits known to the affiant have been allowed."

Appellants contend that no lien was established on their property, for the following reasons:

1. Because the tools rented for the purpose of moving the house were not tools used in the erection or repair of the house.

2. The affidavit to the account was not sufficient, in that it did not show that "all just and lawful offsets, payments, and credits known to the affiant had been allowed."

3. More than thirty days had elapsed after the items for which appellee claimed a lien had accrued before the account was filed for record.

The statute gives a lien on a house to any person who may furnish tools for the erection thereof under a contract with the owner, upon complying with the provisions of the law, to secure payment for the tools so furnished for the construction of the house, the lien to extend to the land necessarily connected therewith. Sayles' Supp., art. 3164. As used in the law, the words "erection" and "construction" seem to be synonymous in their meaning, and in common acceptance when applied to a house, they mean the building of it by putting together the necessary material and raising it; but it does not require a strained sense to bring the removal of a house from the place where it has been put together, and placing it in position or setting it up in another place, within the meaning of these words as used in the law. The tools used were such as were adapted to the purpose, and having no further use for them after the removal of the house and putting it in position, there can be no reason why the owner of the building might not contract to pay a rental therefor instead of purchasing them outright. We are of the opinion, that the tools were furnished to erect the house within the meaning of the statute.

In order to fix the lien, the plain provisions for that purpose of the statute must be complied with. Articles 3165 and 3167, Sayles' Supplement, make it the duty of the original contractor, in order to fix his lien, to deliver to the clerk of the County Court, within four months, a sworn account, as provided in articles 3165 and 3166, of the labor done or material furnished, and of every journeyman, day laborer, or other person, to deliver such account to the County Clerk within thirty days. After the first section of the act (article 3164), the word *material* seems to be used in contradistinction to *labor,* and to include within its meaning *machinery, fixtures, and tools,* and those who are required to file their accounts or contracts within thirty days are persons other than original contractors. The defendant dealt directly with the plaintiffs, and comes within the meaning of an "original contractor" who had four months within which to fix his lien. Matthews v. Brewing Association, 83 Texas, 604. Defendant's account was prepared in substantial compliance with section 4 (article 3167) of the act, and the affidavit thereto in the respect complained of by the appellants was the language of the form furnished by law.

We conclude, therefore, that there was no error in the judgment of the court below, and that it should be affirmed.

*Affirmed.*

Delivered April 18, 1895.