TROY PUBLIC WORKS COMPANY, Appellant, *v.* CITY OF
YONKERS et al., Defendants, and THE TITLE GUARANTY
AND SURETY COMPANY, Respondent.

**Mechanics' Lien Law — steam shovel used on public work is
not an article within the meaning of the term "materials" as
used in the statute.**

A steam shovel, leased for a specified term to a contractor for use
on a public work and then returned to the owner, is not "mate-
rials" within the meaning of the Mechanics' Lien Law (L. 1897,
ch. 418, § 5; amd. L. 1902, ch. 37), and the owner is not enti-
tled to a lien for the unpaid rent thereof. (*Schaghticoke Powder
Co.* v. *Greenwich & Johnsonville Ry. Co.*, 183 N. Y. 306, followed.)

*Troy Public Works Co.* v. *City of Yonkers*, 145 App. Div. 527,
affirmed.

(Argued December 11, 1912; decided December 31, 1912.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered June 20, 1911, affirming a judgment in favor of
defendant, respondent, entered upon a decision of the
court on trial at Special Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Richard R. Martin* for appellant. The notice of lien filed
by the plaintiff created a valid lien under the statute.
(*S. P. Co.* v. *G. & J. Ry. Co.*, 183 N. Y. 306; *Dixon* v.
*La Farge*, 1 E. D. Smith, 722; *Beals* v. *F. & D. Co.*, 76
App. Div. 526; *B. & S. L. Co.* v. *M. P. M. Co.*, 130
N. W. Rep. 866; *C. R. & M. Co.* v. *Rolling Mill Co.*, 168
Fed. Rep. 465.)

*Adrian T. Kiernan* and *Charles M. O'Keefe* for
respondent. The Troy Public Works Company was not
entitled under the laws of this state to file a lien on the
moneys due and to grow due on the municipal contract of
George I. Bailey, for the rental of its steam shovel, which

it did not operate, but which was operated by Bailey, the lessee, who paid for all labor and maintenance. (Guernsey on Mechanics' Liens, 21; *H. P. Co.* v. *Byrnes*, 12 Abb. Pr. 469; *S. P. Co.* v. *G. & J. Ry. Co.*, 183 N. Y. 306; *Beals* v. *F. & D. Co.*, 76 App. Div. 526; 178 N. Y. 581; *U. A. P. Co.* v. *City of New York*, 191 N. Y. 244; *Burke* v. *Brown*, 10 Tex. Civ. App. 298; *Basshar* v. *B. & O. R. R. Co.*, 65 Md. 103; *McAuliffe* v. *Jorgenson*, 82 N. W. Rep. 706; *Edwards* v. *Waite Lumber Co.*, 108 Wis. 166; *Carpenter* v. *McCord Lumber Co.*, 107 Wis. 616; *P. Mfg. Co.* v. *Meyer Co.*, 85 N. E. Rep. 725.)

WERNER, J. This is an action brought to foreclose a mechanic's lien. The only question to be decided on this appeal is whether the plaintiff is entitled to a lien for the rent of a steam shovel which it leased to a contractor for use in the construction of public works. The facts which relate to that question are few and simple. One Bailey undertook to construct two sand filter beds for the city of Yonkers. He wanted to use a steam shovel in the prosecution of the work, and he rented one from the plaintiff at a stipulated rental of $300 per month and the freight charges for shipment of the machine to and from the works. The shovel was used for six months, for which period the rental amounted to $1,800, upon which Bailey paid $700, leaving a balance of $1,100 for rent and $162.26 for freight charges, making a total unpaid balance of $1,262.26, for which the lien was filed. Bailey failed to complete the work, and it was completed by the Title Guaranty and Surety Company as surety on Bailey's bond. There are various parties to the action, and the findings of the trial court cover a number of incidental questions, but the contest on this appeal is wholly between the plaintiff as lienor and the surety company as substitute for the contractor.

The plaintiff's claim is that it furnished materials for the public work which was the subject of the contract

between the city of Yonkers and Bailey, and section five of the Mechanics' Lien Law, as it stood in 1908, is relied upon to support it.   That section then provided that "A person performing labor for or furnishing materials to a contractor, his sub-contractor or legal representative, for the construction of a public improvement pursuant to a contract by such contractor with the State or a municipal corporation, shall have a lien for the principal and interest of the value or agreed price of such labor or materials upon the moneys of the state or of such corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract, upon filing a notice of lien as prescribed in this article." (L. 1897, ch. 418, section 5; amd. L. 1902, ch. 37.) As this statute does not specify the various kinds of materials for which it authorizes liens, the courts must of course decide all disputed questions arising over the meaning of the word "materials." The plaintiff asserts that its steam shovel, leased for a specified term to the contractor for use on this public work and then returned to the plaintiff, is "materials" within the meaning of the statute which, by its terms, the courts are required to construe "liberally to secure the beneficial interests and purposes thereof."

In view of what was written for this court in *Schaghticoke Powder Co.* v. *Greenwich & Johnsonville Ry. Co.* (183 N. Y. 306), there remains very little to be said in the case at bar.   In the *Schaghticoke* case the plaintiff furnished dynamite and other explosives to a contractor for use in the construction of a railroad, and then filed its lien for the unpaid price.   The question was whether these explosives were materials within the purview of the statute.   We decided that they were, because they were not only used in the construction of the work but were literally "used up" in its performance.   The dynamite and powder were put into the work and were consumed in the operation.   They were as much a part of

the materials that went into the structure as the various constituents that lost their separate identity in becoming part of the plaster, cement or concrete. For the purpose of illustrating this idea we said: "The argument that dynamite is not a material, but a part of the contractor's plant which, like picks and shovels or mechanical appliances, are used in the performance of work, but are not considered materials furnished within the purview of the statute, seems to us inherently unsound. A steam shovel, an engine and boiler, picks, shovels, crowbars and the like, are tools and appliances which, while used in the doing of the work, survive its performance and remain the property of their owner. Not so, however, with materials that are used up in the performance of the work and are thereafter invisible except as they survive in tangible results." (p. 312.) The steam shovel in the case at bar did not go into the work as material. It was a machine used on the work, not by the owner but by his lessee, and it was returned to the owner just as it was received, necessary wear and tear excepted. It was not material, either according to the definitions of the lexicographers, or under the decisions in other states where they have lien statutes similar to our own. Material means "matter which is intended to be used in the creation of a mechanical structure" (2 Bouvier Law Dict. [Rawle's rev.] 341) or "the substance matter of which anything is made" (Webster). It does not mean the machinery that may be used in the manufacture of materials, for it might as well be said "that the mill by which the lumber is sawed, or the tools used by the mechanic in building a house, are materials furnished in the construction of the house as to say that the machinery used in the manufacture of the artificial stone is to be considered as part of the materials used in the construction of the masonry work." (*Basshor* v. *B. & O. R. R. Co.*, 65 Md. 103.) A similar view was expressed in a case where the wooden moulds for concrete blocks were

returned to the owner after the completion of the work. These were characterized as instrumentalities "used in shaping the concrete of which the interior walls of the building were constructed, and no more entered in to the actual construction of the building than did derricks, tackle, engines, or any other mechanical appliance which may have been used in its construction and after completion of the building removed as the property of the contractor owning and operating them." (*Builders Material Co.* v. *Johnson,* 158 Ill. App. 411.) The same result has been reached by the courts of other states where liens have been filed for labor, instead of materials, by lessors of machines who themselves contributed no labor to the structures upon which the machines were used. In Wisconsin the owner of a well-boring machine leased it to one who contracted to dig a well. Of that arrangement the court said: "Under no permissible theory can it be said that the plaintiff has furnished any 'materials' that entered into or became a component part of the well. Whatever right he has, if any, arises from the use of his machine. When he hired it to Jorgenson (the contractor) to all intents and purposes it became the latter's machine, the same as if he had purchased it outright." (*McAuliffe* v. *Jorgenson,* 82 N. W. Rep. 706.) In Indiana, under a statute which gave a right to a lien for the use of machinery in the erection of structures, the lessor filed a lien for the use of a "trench machine" which was operated exclusively by the lessee and his employees. The Supreme Court of that state in speaking of the lienor's claim said that it was "not for the value of the work actually done, but compensation at an agreed price for a specified time as the rental value of the machine without regard to whether it was idle or in use upon this work," and held that the lessor was not entitled to a lien. (*Potter Mfg. Co.* v. *Meyer Co.*, 86 N. E. Rep. 838.) To the same effect are other cases in different states. The state of Texas is the only jurisdiction in

86   People ex rel. N. Y. Edison Co. v. Willcox.

[207 N. Y.]            Statement of case.              [Dec.,

which, to our knowledge, a contrary rule has been established, and there the Mechanics' Lien Statute expressly provided (in 1889) that a lien may be acquired by any person, etc., "who may   *   *   *   furnish   *   *   * machinery, fixtures or tools to erect any house or improvement," etc.   That statute is so radically different from our own that the case of *Burke* v. *Brown* (10 Tex. Civ. App. 298) cannot be regarded as applicable to this discussion.   We conclude, therefore, that the Special Term and the Appellate Division were right in deciding that the plaintiff is not entitled to a lien.

The judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Willard Bartlett, Hiscock, Chase and Collin, JJ., concur.

Judgment affirmed.