In the Matter of the Application of the INTERCOUNTY CONSTRUCTION CORPORATION, Appellant, for an Order Summarily Discharging from Record an Alleged Notice of Lien Filed by CHARLES F. VACHRIS, INC., Respondent, against Moneys under Contract No. 1528 for the Construction of a Public Highway at Grand Central Parkway, Section 3 in the Borough of Queens, City of New York.— Order denying motion to discharge lien reversed on the law and the facts, without costs, and motion granted to the extent of discharging all of the lien except the sum of $372.22, representing the labor of the operator of the tractor, as to which sum the motion is denied. In our opinion, the respondent is not entitled to a mechanic's lien for the value of the use of the tractor. It did not go into the work but remained the property of the respondent and was returned to him upon completion of the contract work. (See *Troy Public Works Co.* v. *City of Yonkers*, 207 N. Y. 81.) The appeal from the order denying motion for reargument is dismissed. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

. In the Matter of the Specific Performance of the Agreement between IRA ULMAN and AUGUSTINA ULMAN, Deceased. IRA ULMAN, Individually and as Executor, etc., and SUNSHINE ULMAN, as Executrix, etc., of AUGUSTINA ULMAN, Deceased, Appellants; MULLA ULMAN and Others, Respondents.— Decree of the Surrogate's Court of Rockland county dated August 24, 1932, reversed on the law and the facts, without costs, and the application by Mulla Ulman for an allowance under section 231-a of the Surrogate's Court Act denied on the law and in the exercise of discretion. Mulla Ulman was not a " distributee " or a " person interested " in the estate of Augustina Ulman under the will of October 23, 1930, the probate of which he resisted and the validity of the testamentary provisions of which he challenged in other proceedings. There was, therefore, no basis for the allowance, either as a matter of law or in the exercise of discretion under the circumstances herein. Decree of the Surrogate's Court of Rockland county dated August 8, 1932, unanimously affirmed, with a single bill of costs, payable out of the estate, to the respondents filing briefs. The petitioner's proof did not establish by a preponderance of evidence the alleged oral contract that the mutual wills were to be irrevocable. The surrogate was justified in concluding that the testimony of the witness Burnstone was not sufficiently " clear, definite and convincing " to warrant its acceptance, so far as it purported to establish that the wills were to be irrevocable and thereby evolve a preponderance of evidence in support of the petitioner Ira Ulman's claim. Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Kapper, J., concurs in result.