Per Curiam.

The services of the plaintiff carrier to the subcontractor were not labor or material within the meaning of the bond furnished by the defendants to the Massachusetts Turnpike Authority. (Troy Public Works Co. v. City of Yonkers, 207 N. Y. 81; Gates & Co. v. Stevens Constr. Co., 169 App. Div. 221.)
Further, the prime contract upon which plaintiff relies was made in Massachusetts and calls for performance in that State; therefore, the law of Massachusetts applies. The law of Massachusetts “ perhaps most nearly approaches the English rigor ” in denying a third-party beneficiary the right to sue upon a contract to which it is a stranger. (2 Williston on Contracts [rev. edj, § 367, p. 1069; New England Structural Co. v. James Russell Boiler Works Co., 231 Mass. 274.)
*887 Accordingly judgment should be reversed, with $30 costs and complaint dismissed, with costs.
IIecht, J. P., Aurelio and Tilzer, JJ., concur.
Judgment reversed, etc.