Leslie Allen **CURREY, et ux.,** Appellants,

v.

**Don ROARK and Wife, Sherry Roark, et al., Appellees.**

No. 9379.

Court of Appeals of Texas, Amarillo.

June 17, 1982.

Sell, Griffin & Pirtle, Frederick J. Griffin, Amarillo, for appellants.

Guy Wes Wester, Amarillo, for appellees.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Leslie Allen Currey and Lois Edna Currey, appellants, bring this appeal from a permanent injunction enjoining them from placing a mobile home on a tract of land owned by them. Appellees Dan and Sherry Roark and others, contend that if placed, the mobile home would be in violation of the following deed restriction:

> That the property will be used for residential purposes only, that any residence constructed on all or any part of said property shall have a minimum floor space of 1500 square feet exclusive of porches and garages; to consist of at least eighty percent (80%) masonry construction consisting of brick, tile or concrete.

Appellants agreed the mobile home does not have the requisite floor space, and is not constructed of at least 80% brick, tile, or concrete, but maintain that it is not to be permanently attached to the soil and therefore is not a residence "constructed" within the meaning of the restrictive covenant. We disagree and affirm the judgment of the trial court.

The testimony produced at trial showed Leslie Currey's parents planned to live in the home for about six months out of the year, but that the mobile home would remain on the land even when unoccupied. The plot of land which appellants contemplated placing the mobile home had been landscaped and appellants planned to put a fence on their property line. Although Leslie Currey testified he did not plan to build a foundation under the mobile home or remove the wheels, axle, and tongue, he stated he did intend to tie it down with metal strips anchored in the ground. Currey further testified he planned to attach it to sewer, water, electrical, and telephone lines on his property.

The trial court concluded the floor space and construction materials were not in compliance with the deed requirements, and the mobile home, due to its very nature and its attachment to the realty by various connections, was a fixed and permanent residence. Because placement of such a structure on the Currey's tract of land would be a violation of the deed restrictions, the trial court permanently enjoined appellants from moving it onto their property.

By their first and only point of error, appellants allege the trial court erred in concluding, as a matter of law, that the placement of appellants' mobile home on their land was prohibited by the deed restriction. Arguing that the mobile home will not be permanently attached to the realty, appellants maintain it will not be a residence "constructed" within the meaning of the deed restriction. The issue for our determination is whether the manner in which appellants intend to place the mobile home constitutes a "construction" in violation of the restrictive covenant to which the property is subject.

■ Deed restrictions are to be strictly construed against the grantor and any doubts as to meaning resolved in favor of the free and unrestricted use of property. *MacDonald v. Painter*, 441 S.W.2d 179, 183 (Tex.1969). We must decide the meaning of the word "construct" as used in the deed restriction with which we are concerned.

■ The record does not show that "construct" was defined within the instrument of conveyance, so we will assign to the term its most commonly accepted meaning. *Crawford v. Boyd*, 453 S.W.2d 232, 234 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). Webster's Third New International Dictionary, (3rd ed. 1976) defines the word as "to form, make, or create by combining parts or elements." The Funk and Wagnall's New Standard Dictionary of the English Language (6th ed. 1977) defines the word as "to adjust and join the materials or parts of so as to form a permanent whole." We hold that "construct," as used in the restrictive covenant above, means to create a permanent whole by combining or joining parts or elements. Thus, the residence to which this covenant applies must be built with some degree of permanency. The question now becomes whether, keeping in mind the rule of strict construction, the planned erection of appellants' mobile home residence has the degree of permanency required to bring it within the restrictive covenant.

In *Hussey v. Ray*, 462 S.W.2d 45 (Tex.Civ. App.—Tyler 1970, no writ), the issue was whether appellees, who had placed a mobile home on their lot, put it on a cement foundation, attached a permanent sewage system, and connected it to water, telephone, and electricity lines, had violated a restrictive covenant barring any temporary structures from use as a residence. The court there stated that the factors to be considered in determining whether a structure is temporary are its size, shape, appearance, and other surrounding circumstances. *Id.*, at 47. The Tyler court then went on to hold that because the structure was built for human habitation, had all the characteristics of a permanent dwelling, and was fixed to the realty by various connections, it was permanent in nature. *Id.*, at 48. The fact that it may be moved in the future, the court noted, is of no consequence, since all wooden houses, which are considered permanent buildings, may likewise be moved. *Id.* We think the standards and reasoning used in *Hussey* to determine the temporary

character of a dwelling may be applied to determine the permanent nature of a residence.

The law of fixtures offers us further guidance in this matter. A mobile home or trailer may be a building, *Aluminum Company of America v. Kohutek*, 455 S.W.2d 789, 791 (Tex.Civ.App.—Corpus Christi 1970, no writ), and a building, as a general rule, becomes a part of the realty in absence of an agreement or intention on the part of interested parties that such building should not be permanently annexed to the land. *Evangelical St. John's Church v. Otto Ind. School Dist.*, 203 S.W.2d 299, 301 (Tex.Civ.App.—Waco 1947, no writ). Here we have no express agreement between the parties to the covenant respecting the permanent or temporary annexation of this mobile home to the realty.

Where no agreement exists, three factors are considered in determining whether a chattel is a fixture. First, whether there has been an actual or constructive annexation of the structure to the realty, second, whether the structure is fit for the use or purpose of the realty to which it is connected, and third, whether the party making the annexation intended for it to become a permanent part of the realty. *Fenlon v. Jaffee*, 553 S.W.2d 422, 428 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). The third factor, that of intention of the annexing party, is the preeminent consideration, and the other two factors are primarily evidence of intention. *Id.*, at 428–29. In determining intention, other factors from which intent may be inferred are the nature of the article, the method of annexation, and the purpose for which the annexation is made. *Clark v. Clark*, 107 S.W.2d 421, 424 (Tex.Civ.App.—Texarkana 1937, no writ).

It is clear that the mobile home in question will be actually annexed to the realty and is adapted to the residential purpose of the tract. Appellants insist, however, that they have no intention of making the mobile home a permanent part of the realty. The concrete facts negate this stated intention.

The trailer home will be attached to all utility lines, and a sewage system will be built for it. It will be anchored to the realty by steel tie-down strips, the area on which it is to sit has been landscaped, and a fence will be constructed. The mobile home is to be the only permanent residence belonging to appellants' parents. Moreover, the very nature of the home, built as it is, with all of the attributes of a dwelling, indicates that, when it is moved onto property and attached through various connections to the realty, it will be annexed to the land.

Not only will the mobile home be a fixture, it will be a permanent structure under the test promulgated by *Hussey v. Ray*, 462 S.W.2d at 47–48. It is a dwelling, attached to the realty, and the surrounding circumstances indicate it would be used as a permanent residence indefinitely.

We hold that the manner in which appellants plan to place the mobile home on their property constitutes a construction of a residence to which the deed restriction applies. Appellants' point of error one is overruled.

The judgment of the trial court is affirmed.