**Jerry D. HOLLEY, Appellant,**

v.

**NL INDUSTRIES/NL ACME TOOL CO., Appellee.**

No. 14592.

Court of Appeals of Texas, Austin.

Sept. 17, 1986.

Rehearing Denied Nov. 5, 1986.

Jim Meyer, Dunnam, Dunnam, Horner & Meyer, Waco, for appellant.

Lisa Ott Laky & Mr. Craig Smith, Law Offices of Baker & Price, Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Chief Justice.

Appellee NL Industries/NL Acme Tool sued Holleycoop Drilling Corporation and Jerry D. Holley in the district court of Travis County to recover the value of materials furnished Holley to drill an oil or gas well in Gonzales County. After a jury trial, the district court rendered judgment for appellee for a total of $52,424.48. This Court will reverse the judgment and here render judgment that appellee take nothing.

Although not well pleaded, appellee's theory of recovery was that the drilling contract between Holley and Vaquero Petroleum was a "construction contract" pursuant to Tex.Prop.Code Ann. § 162.001(a) (1984). Accordingly, any payments Holley received pursuant to the drilling contract were trust funds and Holley was trustee for such funds. Appellee claimed that it was a beneficiary of the trust. Tex.Prop. Ann.Code § 162.003 (1984). Finally, appel-

lee asserted that Holley misapplied the trust funds. The cause was tried and judgment was rendered upon appellee's trust fund theory.

By his first point of error, Holley insists that a contract to drill an oil or gas well is not a "construction contract" and that payments made pursuant to that contract are not "construction payments" within the meaning of § 162.001(a). This Court agrees. Section 162.001(a) provides:

*Construction payments* are trust funds under this chapter if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a *construction contract* for the improvement of specific real property in this state. (Emphasis added.)

Because the term "construction" is not defined in the Property Code, we turn to the Code Construction Act for assistance. Tex.Prop.Code Ann. § 1.002 (Supp.1986). That Act provides that "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex.Gov.Code Ann. § 311.-011(a) (Pamphlet 1986). In addition, we consider common law and former statutory provisions. *Id.* § 311.023(4). In sum, we consider common usage, the common law, and former statutory provisions in attempting to discover the meaning of "construction contract for the improvement of specific real property."

Although this Court has found no Texas authority addressing the exact issue of whether drilling an oil or gas well is construction of an improvement to real property, several opinions have defined "construction" in the context of improvements to real property. The court in *Currey v. Roark*, 635 S.W.2d 641, 643 (Tex.App.1982, no writ), interpreted a restrictive covenant which provided that "any residence *constructed* on all or any part of said property shall have a minimum floor space of 1500 feet ..." The court concluded that "con-

struct" in this context meant "to create a permanent whole by combining or joining parts or elements." *Burke v. Brown*, 10 Tex.Civ.App. 298, 30 S.W. 936 (1895, no writ), involved a similar interpretation of the word "construct," and the court there concluded that the word was synonymous with "erect."

Black's Law Dictionary (4th ed.1968) similarly defines "construct" as "to build, erect, put together, make ready for use; to adjust and join materials, or parts of, so as to form a permanent whole; to put together constituent parts of something in their proper place and order."

The language of former Tex.Rev.Civ. Stat.Ann. art. 5472e, which was codified as Property Code Chapter 162, also supports an interpretation of "construction" which excludes the drilling of oil and gas wells. Section 1 of art. 5472e created a trust for the benefit of contractors and subcontractors "who may labor or furnish labor or material for the *construction or repair of any house, building, or improvement whatever* upon such real property." 1967 Tex.Gen.Laws, ch. 323, § 1 at 770. Although this language was omitted from the Property Code, the Code was intended to be "a topic-by-topic revision of the state's general and permanent statute law *without substantive change.*" Tex.Prop.Code Ann. § 1.001(a).[1]

Finally, several out-of-state opinions have explicitly concluded that the drilling of an oil or gas well is not "construction" within the meaning of a statutory provision. In *Commonwealth v. Lohmann-Johnson Oil Co.*, 436 Pa. 84, 258 A.2d 524 (1969), the court held that a contract to drill an oil well was not a "construction contract" within the meaning of a tax statute. In so holding, the court reviewed various definitions of "construction" and concluded that those definitions tended to exclude the drilling of an oil well. In *White v. Cabot Corp.*, 194 So.2d 499 (Miss.1967), the court determined that the process of disas-

---

**1.** The legislature of this State is, of course, familiar with terms describing oil and gas drilling operations. *See:* Tex.Prop.Code § 56.001, *et seq.* Had the legislature intended to include oil and gas drilling contracts within the protections offered by Chapter 162 of the Property Code, it could have easily done so.

sembling, hauling, and reassembling an oil well drilling rig was not "construction" within the meaning of a mechanic's and materialman's lien statute. The court stated that the word "construct" denotes the building, composing, fabricating, or erecting of a piece of property or structure somewhat permanent in nature.

The drilling of an oil well does not involve construction, in the sense of assembling materials to make a permanent whole. The drilling rig, itself, is not a permanent fixture, but rather is removed from the well-site after drilling is completed. Drilling a hole in the ground does not involve the assembly of various materials into a permanent structure. The only permanent construction involved in drilling an oil well is the casing pipe which is put into the hole in order to preserve the hole and prevent the earth from collapsing into it. In sum, this Court concludes as a matter of law that drilling an oil and gas well is not the construction of an improvement on real property within the meaning of Chapter 162 of the Property Code.

The judgment is reversed and judgment is here rendered that appellee take nothing.

GAMMAGE, J., not participating.